See also, D.C., 293 F.Supp. 356.

Harold Douglas COPPEDGE et al.,
Plaintiffs,

United States of America, by Ramsey Clark, Attorney General, Plaintiff-Intervenor, Appellees,

v.

The FRANKLIN COUNTY BOARD OF EDUCATION, a public body corporate; Warren W. Smith, Superintendent, Horace W. Baker, Chairman, Jones H. Winston, Albert C. Fuller, Lloyd A. West, William Taylor Boone, members of the Franklin County Board of Education, Appellants.

No. 12752.

United States Court of Appeals Fourth Circuit.

Argued Oct. 9, 1968.

Decided Dec. 5, 1968.

Edward F. Yarborough and Charles M. Davis, Louisburg, N. C. (Irvin B. Tucker, Jr., Raleigh, N. C., and W. M. Jolly, Louisburg, N. C., on the brief), for appellants.

J. LeVonne Chambers, Charlotte, N. C. (Chambers, Stein, Ferguson & Lanning, Charlotte, N. C., Conrad O. Pearson, Durham, N. C., Jack Greenberg, James

M. Nabrit, III, Robert Belton and James N. Finney, New York City, on the brief), for appellees.

Frank E. Schwelb, Atty., Dept. of Justice (Stephen J. Pollak, Asst. Atty. Gen., Nathan Lewin and Francis H. Kennedy, Jr., Attys., Dept. of Justice, on the brief), for intervenor.

Before HAYNSWORTH, Chief Judge, SOBELOFF, BOREMAN, BRYAN, WINTER, CRAVEN and BUTZNER, Circuit Judges, sitting en banc.

HAYNSWORTH, Chief Judge:

The Board of Education of Franklin County, North Carolina, by this appeal, once again brings before us an order affecting the operation of the schools in that district. The appeal, based upon a claim of administrative impracticability, had little or no merit at the outset and became substantially moot when the Board, failing to obtain a stay, achieved complete compliance with it. Under the circumstances, the order of the District Court will be affirmed, with costs to the plaintiffs, including reasonable fees to their attorneys for their necessary work in connection with this appeal.

In 1967 the District Court, after a full hearing, found that the Board's "freedom of choice" plan was not working in Franklin County because of violence and threats of violence directed against Negro parents of school children, unlawful inhibiting oppressions, and because the School Board had done nothing to counter them. It ordered the Board to submit "a plan for the assignment, at the earliest practicable date, of all students upon the basis of a unitary system of non-racial, geographic attendance zones, or a plan for the consolidation of grades, or schools, or both."[1] We affirmed the District Court's order on April 8, 1968.[2]

The Board submitted a plan in which it proposed in school year 1968–1969 to assign 15% of the Negro pupils to previously all-white schools. This was little more than the interim relief the District Court had ordered for the previous school year. The plan included no basis for a claim of necessary delay in fully complying with the previous order of the court beyond the school year 1968–69.

There were objections to the proposed plan on the ground that no reason had been advanced for delaying full compliance beyond the school year 1968–69. On May 29, 1968, the District Court scheduled a hearing for June 20 and invited the parties to file any additional depositions they wished on that date. The School Board did not choose to submit any additional evidence or otherwise to prepare a factual basis for a claim of substantial administrative difficulty in complying with the court's order in time for the opening of the schools in September, 1968. At the hearing on June 20, the District Court, of course, disapproved the proposed plan and ordered the Board to submit by July 15th a new plan, in compliance with the court's order, to be effective for the school year 1968–69. On July 15 the Board did submit a new plan, but proposing to meet the requirements of the court's order only over a three year period. For the school year 1968–69, under the new plan, the Board proposed only to assign 750, out of approximately 3,200, Negro pupils to schools which previously had been predominantly white. With its July 15, 1968 plan, the Board addressed a letter to the judge in which it summarized certain practical problems it envisioned in attempting immediate full compliance with the court's earlier order, but it tendered no witnesses in support of its assertions.[3]

On August 5, 1968 the District Judge rejected the Board's proposal of July 15 and ordered the School Board to fully implement the requirements of the court's

1. Coppedge v. Franklin County Board of Education, E.D.N.C., 273 F.Supp. 289.

2. Coppedge v. Franklin County Board of Education, 4 Cir., 394 F.2d 410.

3. The judge declined to treat the letter as evidence because copies had not been sent to opposing counsel.

earlier order effective with the opening of the schools in September. Then the Board, claiming administrative difficulty, sought a stay of the order of August 5th. The District Court denied the application for a stay on August 22, 1968. After a hearing, a panel of this court also denied a stay on August 27, 1968.

The School Board thereupon proceeded to reorganize the schools and open them in September, 1968 in compliance with the court's order.

■ The School Board's contention that it was denied in the District Court an opportunity to show insurmountable administrative problems in fully complying with the order for the school year 1968–69 is refuted by the foregoing recital. That was the only possible issue in the hearing scheduled for June 20, but the School Board simply ignored the District Court's invitation to submit for consideration at that hearing any additional evidence it wished. When it filed its second proposed plan on July 15, 1968, it referred to practical problems it foresaw, but it tendered no proof. The claim of administrative difficulty of compliance with the court's August 5th order came too late, and the District Court's earlier failure to consider any such evidence was simply the result of the School Board's failure to offer it when it had abundant opportunity to do so. Even though, because of the statements in the Board's letter written in connection with the filing of its July 15, 1968 plan, the District Court might have scheduled a belated hearing, the Board is in a poor position to complain when it made no attempt to make a showing of administrative impracticality at the earlier hearing on June 20, 1968 when it had a full and timely opportunity to do so.

Despite the denials of the stay orders which the School Board sought, that in this court being after a full hearing, the School Board carried on with its appeal notwithstanding the fact that, meanwhile, it had fully complied with the District Court's order. At the oral hearing on the appeal, counsel for the School Board conceded that it would be tremendously disruptive and undesirable to reassign the students in the middle of the year and there is, of course, no basis for a possible claim that what has already been administratively achieved during the current school year cannot possibly be achieved one year hence.

■ Counsel for the School Board sought to justify the appeal on the basis of a claim that the District Court's order of August 5, 1968 was so restrictive and specific that it deprived the School Board of the power to make adjustments which may be necessary to an efficient operation. We do not so construe the order. Even if the present order may be construed as prohibiting permissive transfers to obtain courses of instruction which cannot be offered at all schools, for instance, there is no reason to suppose that the District Court would not be sympathetically receptive to a proposed amendment to permit such transfers, so long as the amendment was not racially motivated and would operate with racial impartiality. The District Court has retained jurisdiction of the case and is open for the submission and consideration of any amendments or modifications of the plan which this year's experience will show to be necessary or desirable for the efficient operation of the schools on a non-discriminatory basis.

■ For the foregoing reasons, we conclude there is no merit in the School Board's initial claim that it was denied an opportunity to show that full compliance with the order was not administratively feasible for the year 1968–69. After it had complied with the District Court's order of August 5, 1968, a continuing claim of administrative impracticability became moot.

■ Under the circumstances, we think the plaintiffs should be reimbursed for those reasonable attorneys' fees they have incurred as a result of the School

**1180**

Board's prosecution of this appeal,[4] the amount of such attorney fees to be determined and assessed by the District Court upon remand.

Affirmed with costs and attorneys' fees.

---

4. Federal Rules of Appellate Procedure 38 and Advisory Committee's Note, 43 F.R.D. 61, 155.