Carolyn **EATON** et al., Appellees,

v.

**NEW HANOVER COUNTY BOARD OF EDUCATION, Appellant.**

No. 71–1890.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 5, 1972.

Decided April 26, 1972.

William L. Hill, II, Wilmington, N. C. (Hogue, Hill & Rowe, Wilmington, N. C., on brief), for appellant.

J. LeVonne Chambers, Charlotte, N. C. (James E. Lanning, James E. Ferguson, II, and Chambers, Stein, Ferguson & Lanning, Charlotte, N. C., and Conrad O. Pearson, Durham, N. C., Jack Greenberg, James M. Nabrit, III, and Norman

Chachkin, New York City, on brief), for appellees.

Before HAYNSWORTH, Chief Judge, and BRYAN, WINTER, BUTZNER, RUSSELL and FIELD, Circuit Judges, sitting en banc.

PER CURIAM:

This action, originally instituted in March of 1964 by certain black parents and children of New Hanover County, North Carolina, sought relief against continued racially discriminatory practices of the Board of Education and requested an order for desegregation of the school system. Following a hearing in August of 1964 the district court directed the Board to permit certain transfers of black students to previously all white schools and retained jurisdiction of the action. During the ensuing five years the court from time to time entered orders directing the Board to take further steps to bring about desegregation in the school system. Among other remedies approved by the court was the institution of a freedom of choice plan. However, this proved to be ineffective and in August of 1968 the court found that as of that date the New Hanover school system was an unconstitutional racially dual system and ordered the Board to submit a plan for complete desegregation.

The defendant Board thereafter filed a further plan and amendments thereto which, however, the court found to be inadequate and in August of 1969, a further amended plan was approved by the court on an interim basis for the year 1969–70. In July of 1970, upon motion of the plaintiffs for further relief, the court directed the Board to file a further plan for complete desegregation and directed that the Board consult with the Office of Education of the Department of Health, Education and Welfare. Pursuant to this order representatives of HEW consulted with officials of the system and submitted two alternative plans for desegregation of the system. The Board rejected both of these proposals and countered with two alter-native plans of its own. The controversy was not resolved and in May of 1971, the plaintiffs filed a motion for implementation of one of the HEW plans. The defendant responded by filing an amended plan of its own. Thereafter, on June 22, 1971, the court designated the Office of Education as its consultant to develop a plan of desegregation for New Hanover County. The Office of Education submitted its proposal on July 13, 1971, to which the Board filed its objections, and on that same date the court conferred with representatives of the Office of Education as well as the counsel and staff members of the Board and was advised that neither party desired further hearings. On July 23, 1971, 330 F.Supp. 78, the court filed an order directing the Board to implement the plan of desegregation prepared by the Office of Education, the implementation to begin with the 1971–72 school year.

The plan of desegregation prepared by the Office of Education and adopted by the district court is similar to the plan directed by the district court in Swann v. Charlotte-Mecklenburg Board of Education, 311 F.Supp. 265 (W.D.N.C.1970), aff'd 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed. 2d 554 (1971). Basically, the plan provides for the establishment of geographic zones for the senior high schools, as well as pairing and the establishment of satellite zones for the junior high schools and elementary schools. Incident to the plan it was estimated that it would be necessary to transport a number of students from one area of the county to another. The court, however, found that the plan was feasible, practicable and capable of implementation by the Board, and would effectively desegregate the school system.

Upon this appeal the Board states that it has discharged its duty to desegregate the New Hanover County schools and that its prior policies and plans established a unitary school system. From this self-serving premise, the Board argues that the district court erred in finding the school system to be

an unconstitutional racially dual system. This contention of the Board is quickly and irrefutably answered by the finding of the district court that at the beginning of the 1970–71 school year fifteen of the thirty schools in New Hanover County were racially identifiable. Of these fifteen, two were all white, ten were over ninety per cent white and three were over ninety per cent black. These statistics clearly demonstrate the ineffectiveness of the prior Board policies and support the finding of the district court.

■■ The appellant also argues that the plan ordered by the district court is unreasonable and suggests that the court should have accepted the plan proposed by the school board. The Board's proposal would have retained a number of identifiable black and white schools and, had it been accepted by the court, would have merely continued an unconstitutionally segregated system. Finally, the Board challenges the busing aspect of the court's order, but here again this argument finds no support in the record. During the 1970–71 school year the Board transported approximately seventy-five hundred students on seventy-eight buses. The plan directed by the district court will add only some twenty-six hundred students to the total of those to be transported and requires only an additional thirty-eight buses. There is nothing to support the contention that the proposed busing program involves time or distance of travel that would be so great as to risk the health of the children or otherwise significantly impinge on the educational processes. See Swann v. Board of Education, 402 U.S. 1, at page 30, 91 S.Ct. 1267, 28 L.Ed.2d 554.

Upon this record the finding of the district court that the New Hanover school system was constitutionally impermissible was clearly correct, and the plan adopted and ordered by the court was an appropriate remedy that falls well within the bounds of "practical flexibility" recognized in Brown v. Board of Education, 349 U.S. 294, 75 S. Ct. 753, 99 L.Ed. 1083 (1955), and repeated in Swann. Accordingly, the order of the district court is affirmed in its entirety.

■ The plaintiffs have asked for an award of costs and counsel fees pursuant to Rule 38 of the Rules of Appellate Procedure.[1] We agree that such an award is appropriate in this case. The record indicates that the school authorities agreed, albeit reluctantly, that the HEW plan offered the most palatable and practicable means of attaining complete desegregation in New Hanover County. Nevertheless, the Board continued to urge its own inadequate proposal on the district court as well as on this appeal. In our opinion the prosecution of this appeal in the face of the Supreme Court's opinion in Swann was of such a frivolous nature that it warrants the invocation of the sanctions of Rule 38. See Coppedge v. Franklin County Board of Education, 404 F.2d 1177 (4 Cir. 1968). Accordingly, the case will be remanded to the district court for the determination and assessment of the amount of reasonable attorney fees for the plaintiffs incident to this appeal as well as single costs.

Remanded.

ALBERT V. BRYAN, Circuit Judge (concurring specially):

I agree that the findings of the District Court warranted its conclusion that the New Hanover County School System was not an integrated system. Nor do I disagree with the remedies decreed, but I do make this reservation: if any of the existing or proposed busing is for the purpose of maintaining a racial balance in the public schools, then to the approval by the majority opinion of that busing, I must dissent.

It is my understanding that no such transportation has ever been declared by the Supreme Court as required of the States by the Constitution. Swann v.

1. See Advisory Committee's Note, 43 F.R.D. 61, 155.

Charlotte-Mecklenburg Bd. of Educ., 402 U.S. 1, 24, 91 S.Ct. 1267, 28 L.Ed.2d 554 (1971). I recognize that busing may be required where necessary to establish integration in the public schools. However, this is far different from busing *solely* to assure racial balances in the integrated schools. I have consistently so stressed. Swann v. Charlotte-Mecklenburg Bd. of Educ., 431 F.2d 138, 155 (4 Cir. 1970), aff'd 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554 (1971), supra.