STATE INDUSTRIES, INC., Plaintiff–Appellant,

v.

MOR–FLO INDUSTRIES, INC. and American Appliance Mfg. Corp., Defendants–Appellees.

No. 91–1167.

United States Court of Appeals, Federal Circuit.

Nov. 14, 1991.

Rehearing Denied Dec. 12, 1991.

---

[*] Senior U.S. Circuit Judge Lewis R. Morgan has elected to participate in further proceedings in this matter pursuant to 28 U.S.C. § 46(c).

Paul R. Puerner, Law Offices of Paul R. Puerner, Milwaukee, Wis., argued, for plaintiff-appellant. With him on the brief, was Daniel D. Ryan, Fuller, Ryan & Hohenfeldt, S.C.

Charles W. Bradley, Davis Hoxie Faithfull & Hapgood, New York City, argued for defendants-appellees. With him on the brief, was Peter H. Priest. Also on the brief, were Ronald I. Weiss, Goodman Weiss Freedman, Cleveland, Ohio.

Before NIES, Chief Judge, RICH and MICHEL, Circuit Judges.

MICHEL, Circuit Judge.

State Industries, Inc. ("State") appeals the judgment, unchanged after reconsideration on remand, of the United States District Court for the Eastern District of Tennessee, awarding damages for patent infringement but denying its request for enhanced damages under 35 U.S.C. § 284 (1988). *State Indus. v. Mor–Flo Indus.*, 17 USPQ2d 1706, 1990 WL 292151 (E.D.Tenn. 1990). Because the court did not abuse its discretion in denying enhanced damages, we affirm. And because State's appeal is frivolous as filed and as argued, we impose sanctions pursuant to Fed.R.App.P. 38.

## BACKGROUND

In 1984, State filed suit against Mor–Flo Industries, Inc. and its subsidiary, American Appliance Manufacturing Corporation (collectively, unless otherwise noted, "Mor–Flo"), charging infringement of U.S. Patent No. 4,447,377, directed to a method of insulating the tank of a water heater. Following a bench trial on the issue of liability, the district court held State's patent not invalid and infringed. *State Indus. v. Mor–Flo Indus.*, 639 F.Supp. 937, 231 USPQ 241 (E.D.Tenn.1986). Mor–Flo appealed, and we affirmed in a nonprecedential opinion. *See State Indus. v. Mor–Flo Indus.*, 818 F.2d 875 (Fed.Cir.) (table), *cert. denied*, 484 U.S. 845, 108 S.Ct. 140, 98 L.Ed.2d 97 (1987).

Subsequently, the district court held a bench trial on the issue of damages. The court awarded State lost profits on approximately 40% of Mor–Flo's infringing sales and a royalty of 3% on the remaining sales. It also found that Mor–Flo's infringement was not willful and denied enhanced damages and attorney fees. *State Indus. v. Mor–Flo Indus.*, 8 USPQ2d 1971 (E.D.Tenn.1988). Mor–Flo again appealed, and we affirmed the judgment insofar as it awarded lost profits and a 3% royalty. *State Indus. v. Mor–Flo Indus.*, 883 F.2d 1573, 1582, 12 USPQ2d 1026, 1032 (Fed.Cir. 1989), *cert. denied*, 493 U.S. 1022, 110 S.Ct. 725, 107 L.Ed.2d 744 (1990).

However, as to the determination that infringement had not been willful, we noted that the district court's findings seemed inconsistent. On the one hand, the court had stated that Mor–Flo "should have known" that it was infringing and that it had "purposely patterned its foaming method upon State's," findings indicative of willfulness, while on the other hand, the court had stated that Mor–Flo had relied in good faith on the advice of counsel that their method was not infringing. *Id.* at 1581–82, 12 USPQ2d at 1032 (quoting the district court's opinion, 8 USPQ2d at 1982). We therefore ruled as follows:

> In view of the unresolved conflicting evidence, we vacate the judgment insofar as it denies increased damages under 35 U.S.C. § 284, and remand to the district court to reconsider whether a finding of willful infringement and enhanced damages is justified. Because this could also

affect its conclusion on attorney's fees, we do not reach them.

*Id.* at 1582, 12 USPQ2d at 1032 (citation omitted).

With this mandate, the district court on remand held an evidentiary hearing "to clarify the existing evidence in the record." 17 USPQ2d at 1707. The court stated its findings of fact in its detailed opinion, and concluding that "a finding of willful infringement and enhanced damages is not justified," it entered an order denying them. *Id.* at 1709. Because this order left its single damage award unchanged, State appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1) (1988).

## DISCUSSION

### I

State's principal contention on appeal is that the district court's failure to find willfulness was clearly erroneous and that the court erred in not awarding enhanced damages. We disagree.

■ The patent statute's provision for increased damages is permissive, not mandatory: A court *"may* increase the damages up to three times the amount found or assessed." 35 U.S.C. § 284 (1988) (emphasis added). A finding of willfulness, though a *sufficient* basis for awards of enhanced damages, does not *compel* such an award. *Modine Mfg. Co. v. Allen Group, Inc.,* 917 F.2d 538, 542–43, 16 USPQ2d 1622, 1625–26 (Fed.Cir.1990) (affirming denial of enhanced damages despite upholding a finding of willfulness), *cert. denied,* — U.S. —, 111 S.Ct. 2017, 114 L.Ed.2d 103 (1991).

■ A district court's analysis of whether to increase damages, therefore, is a two-step process. First, the court must determine whether willful infringement (or another circumstance justifying an enhanced award) is proven, a finding of fact which we review only for clear error. *Id.,* 917 F.2d at 543, 16 USPQ2d at 1625–26. Second, if the court finds such a basis proven, it must still determine whether or not, under the totality of the circumstances, increased damages are warranted. This determination is committed to the sound discretion of the district court, and "will not be overturned absent a clear showing of abuse of discretion." *Id.*

State argues that on remand the district court was not authorized to reopen the record and hear further evidence on the question of willful infringement. State argues that certain of the district court's previous findings as to willfulness are law of the case and could not be overturned on the basis of evidence not introduced in the original damages trial. State further argues that even were the new testimony as to good faith reliance on advice of counsel properly considered, when that evidence is weighed against the court's previous findings, the "totality of the circumstances" compels a finding of willful infringement. State's arguments are utterly meritless.

■ In the first place, State's reliance on the law of the case doctrine is misplaced. Law of the case "is a judicially created doctrine, the purposes of which are to prevent the relitigation of issues that have been decided and to ensure that trial courts follow the decisions of appellate courts." *Jamesbury Corp. v. Litton Indus. Prod., Inc.,* 839 F.2d 1544, 1550, 5 USPQ2d 1779, 1783 (Fed.Cir.), *cert. denied,* 488 U.S. 828, 109 S.Ct. 80, 102 L.Ed.2d 57 (1988). Under this doctrine, findings of fact reviewed in and relied upon in an appellate court's decision become the law of the case and, absent certain exceptional circumstances, may not be disturbed by a trial court on remand. *See Smith Int'l, Inc. v. Hughes Tool Co.,* 759 F.2d 1572, 1578–79, 225 USPQ 889, 893–94 (Fed.Cir.) (affirming district court's holding that "factual issues finally laid to rest by the Ninth Circuit" were law of the case and could not be reopened), *cert. denied,* 474 U.S. 827, 106 S.Ct. 87, 88 L.Ed.2d 71 (1985). *Cf. Exxon Corp. v. United States,* 931 F.2d 874, 877–78 (Fed.Cir.1991) (findings of fact *not* "examined in, relied on, or otherwise necessary to" the appellate court's decision may be reexamined on remand).

■ But this is *not* a case in which findings of fact were left undisturbed, much less relied upon, on appeal. Our previous opinion clearly stated that "we *vacate* the judgment insofar as it denies increased damages under 35 U.S.C. § 284, *and remand* to the district court *to reconsider* whether a finding of willful infringement and enhanced damages is justified." *State Indus.*, 883 F.2d at 1582, 12 USPQ2d at 1032 (emphasis added). The trial court's subsidiary findings can hardly be the law of the case when the judgment based on those findings was "vacated" and the court was explicitly directed to "reconsider" its decision as to willfulness and enhanced damages. On the contrary, the law of the case which the trial court was obliged to follow was our holding that the findings relating to willfulness were inadequate and required reconsideration. To the extent it is applicable at all, then, law of the case supports precisely the *opposite* of the proposition State advances.

■ Second, there is no basis for State's argument that reopening the record to hear new evidence was not permitted by our decision, in which we stated that we "remand to the district court to reconsider" willfulness and enhanced damages. *Id.* While we did not explicitly *order* the court to conduct a new hearing, we certainly did not forbid it. Absent contrary instructions, a remand for reconsideration leaves the precise manner of reconsideration—whether on the existing record or with additional testimony or other evidence—to the sound discretion of the trial court. *Adelson v. United States*, 782 F.2d 1010, 1012 (Fed. Cir.1986). State has not specified, and we do not discern, any abuse of discretion in this case.

■ Third, State's arguments as to the weight that must be given to the newly admitted testimony under the "totality of the circumstances" are utterly unpersuasive. The weighing of conflicting evidence is a task within the special province of the trial judge who, having heard the evidence, is in a better position than we to evaluate it. Particularly where, as here:

> a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error.

*Anderson v. City of Bessemer City*, 470 U.S. 564, 575, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985). Moreover, even were we to hold the finding of willfulness clearly erroneous under State's suggested weighing of the evidence, such a holding would not, *ipso facto*, render the district court's denial of enhanced damages an abuse of discretion. As we have discussed above, a finding of willfulness does not by any means compel an award of enhanced damages, and State has not articulated any other reason why the failure to award such damages here was an abuse of discretion.

State also makes a request at the end of its principal brief that "upon remand of this case for a determination of increased damages, the district court be authorized to make an award to State of its reasonable attorneys fees." Brief for Appellant at 39. In view of the finding of no willfulness, State has shown no basis for the award.

## II

In its brief, Mor–Flo has requested sanctions under Rule 38 of the Federal Rules of Appellate Procedure,[1] which provides that

---

1. Although we have chosen to award sanctions solely on the basis of Rule 38, Mor–Flo has also based its request for sanctions on 35 U.S.C. § 285 (1988), which provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." Though usually invoked by trial courts, section 285 also authorizes this court to award fees in cases in which the appeal itself is exceptional, *Rohm & Haas Co. v. Crystal Chem. Co.*, 736 F.2d 688, 692, 222 USPQ 97, 100 (Fed.Cir.1984). We have noted that "litigation in bad faith by the patentee" can make a case on appeal exceptional within the meaning of section 285. *Id.* at 691, 222 USPQ at 99. Section 285 thus provides an alternative mechanism for sanctioning frivolous appeals in patent cases where, contrary to this case, bad faith is also shown, in addition to the more general sanctions provisions, which do not require a showing of bad faith: (1) Fed. R.App.P. 38, *e.g., Connell v. Sears, Roebuck &*

"[i]f a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs...." For the reasons stated below, we agree with Mor–Flo that particularly in view of "the heavy burden that rests on plaintiff, and the discretionary nature of the district court's ruling, [State] pursues this appeal without any credible basis." Brief for Appellees at 31.[2] Accordingly we grant Mor–Flo's request.

Our cases have recognized two distinct (though in practice often related) senses in which an appeal may be frivolous. First, where an appeal is taken in a case where "the judgment by the tribunal below was so plainly correct and the legal authority contrary to appellant's position so clear that there really is no appealable issue," the appeal is held to be "frivolous as filed." *Finch v. Hughes Aircraft Co.,* 926 F.2d 1574, 1579–80, 17 USPQ2d 1914, 1918 (Fed. Cir.1991). "Second, even in cases in which genuinely appealable issues may exist, so that the taking of an appeal is not frivolous, the appellant's misconduct in arguing the appeal may be such as to justify holding the appeal to be 'frivolous as argued.' " *Romala Corp. v. United States,* 927 F.2d 1219, 1222 (Fed.Cir.1991) (citation omitted).

We shall consider the applicability of each type of frivolity to the instant case.

### A

An appeal as to which "no basis for reversal in law or fact can be or is even arguably shown," *Connell,* 722 F.2d at 1554, 220 USPQ at 203, is considered frivolous as filed because it unnecessarily wastes the limited resources of the court as well as those of the appellee, and therefore should never have been filed at all. The fact that appellants have a statutory *right* to appeal does not of course mean that they can exercise that right without risking sanctions. As the Fifth Circuit has stated:

> it is not [appellant's] right to appeal the judgment against her that is at issue; rather the point is that her entirely "frivolous" appeal is an unjustified consumption of appellate resources.... Appeal as of right does not translate into propriety of appeal when counsel can make no reasonable argument for extension, modification, or reversal of precedent clearly elaborated by the district court opinion.

*Coghlan v. Starkey,* 852 F.2d 806, 809 (5th Cir.1988).[3] Prospective appellants therefore must assure themselves that they can make a nonfrivolous argument for reversal before filing an appeal.

State here seeks reversal of a denial of enhanced damages, an issue committed to the sound discretion of the trial judge. Logically, appellants face greater difficulty in presenting an arguable "basis for reversal in law or fact" required for an appeal to be nonfrivolous, *Connell,* 722 F.2d at 1554,

---

Co., 722 F.2d 1542, 1553–55, 220 USPQ 193, 202–04 (Fed.Cir.1983); (2) 28 U.S.C. § 1912, *e.g., Glanzman v. Uniroyal, Inc.,* 892 F.2d 58, 61 (9th Cir.1989); (3) 28 U.S.C. § 1927, *e.g., A. Hirsh, Inc. v. United States,* 948 F.2d 1240 (Fed.Cir. 1991); and (4) the inherent power of article III courts to impose sanctions. *See Laitram Corp. v. Cambridge Wire Cloth Co.,* 919 F.2d 1579, 1584, 16 USPQ2d 1929, 1933 (Fed.Cir.1990). *See also Chambers v. NASCO, Inc.,* —— U.S. ——, ——, 111 S.Ct. 2123, 2133, 115 L.Ed.2d 27 (1991) (holding district courts have inherent power "to fashion an appropriate sanction for conduct which abuses the judicial process."). *See generally* G. Joseph, *Sanctions: The Federal Law of Litigation Abuse* 311–431 (1989).

**2.** Consistent with our admonition that "an assertion that an appeal is frivolous is a serious allegation [and] should be accompanied by cita-

tion to the opposing brief and the record below, and clear argument as to why those citations establish the allegedly frivolous nature of the appeal," *Biodex Corp. v. Loredan Biomedical, Inc.,* 946 F.2d 850, 863 (Fed.Cir.1991), Mor–Flo has explained in some detail why it believes State's appeal to be sanctionable. *See* Brief for Appellees at 30–32.

**3.** *See also Reliance Ins. Co. v. Sweeney Corp.,* 792 F.2d 1137, 1139 (D.C.Cir.1986): "[N]othing in this opinion should be viewed as diminishing the concept of appeal as of right, or the strong presumption that each party should pay its own fees on appeal. But the notion that appellant has an untrammeled right of review cannot shift the burden of going forward to the appellee. When the appellant files an appeal, he asks for this court's attention. The appellant then has the responsibility to say *something* non-frivolous to indicate why the appeal was taken."

220 USPQ at 203, in an appeal in which great deference must be given to the trial court than in one in which our review is, for example, de novo. Given the difficulty of showing reversible error in discretionary rulings, counsel should be particularly cautious about filing an appeal which challenges them.

■ State had no business filing this appeal. First, it can point to no basis on which clear error in the willfulness finding can even arguably be shown. State cannot rely on the law of the case doctrine because it clearly has no applicability here. Similarly, State cannot point to any error in the trial court's decision to reopen the record, since our prior decision certainly allowed it to do so. Nor can State prevail by asking us to reweigh testimony relating to the finding of no willful infringement, because we are not permitted to second-guess the trial court's weighing of testimonial evidence, particularly where, as here, it was "supported and explained by an exhaustive opinion indicating the error-free nature of the conclusion" reached. *Id.* at 1554–55, 220 USPQ at 203. Second, even were we to overturn the finding of no willfulness, that would not mandate reversal of the discretionary decision to deny enhanced damages. Yet State has suggested no other basis for reversal. Because "[n]o legally cognizable error on which a reversal of the appealed judgment could possibly be based appears anywhere in the record," *id.* at 1555, 220 USPQ at 203–04, we hold State's appeal to be frivolous as filed.

B

■ The second established type of frivolity, under which an appeal may be said to be "frivolous as argued," looks not to whether there was an arguable basis for reversal at the time the appeal was filed, but rather to the post-filing conduct of the litigant in arguing the appeal.[4] Even where an appeal is not necessarily frivolous as filed, it may nevertheless be adjudged frivolous as argued. *See Romala,* 927 F.2d at 1222 (declining to hold appeal frivolous as filed but imposing sanctions solely on the basis of litigation misconduct).

■ "Logically, an appeal which is frivolous as filed must also be frivolous as argued, since any arguments made in support of it are, by definition, frivolous." *Constant,* 929 F.2d at 658. Certainly this is true here. State's appeal was frivolous as filed because no basis for reversal could be shown, and State has manufactured "arguments" in support of reversal by distorting the record, by disregarding or mischaracterizing the clear authority against its position, and by attempting to draw illogical deductions from the facts and the law.

In the first place, State misrepresents the nature of the prior proceedings in the case. State quotes two of the trial court's original findings relating to willfulness, that Mor–Flo/American "should have known that their method ... infringed," and that "Mor–Flo/American had earlier purposefully patterned its foaming method upon State's." Brief for Appellant at 25 (quoting from 8 USPQ2d at 1982). State then claims that "the above Findings were not disturbed on the appeal to the CAFC," *id.,* and that "the above cited Findings of the [trial] court have already been affirmed

4. Our court recently catalogued some of the types of appellate litigation misconduct which are considered sanctionable. *See Finch,* 926 F.2d at 1579–80. Sanctionable misconduct has been held to include (though is by no means limited to): seeking to relitigate issues already finally adjudicated, *see Constant v. United States,* 929 F.2d 654, 658 (Fed.Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 2799, 115 L.Ed.2d 973 (1991); failing to explain how the trial court erred or to present clear or cogent arguments for reversal, *Refac Int'l, Ltd. v. Hitachi, Ltd.,* 921 F.2d 1247, 1256, 16 USPQ2d 1347, 1354 (Fed.Cir. 1990); rearguing frivolous positions for which sanctions had already been imposed in the trial forum, *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.,* 760 F.2d 1045, 1052 (9th Cir.1985); failing to cite authority and ignoring opponent's cited authority, *Refac Int'l, Ltd. v. IBM,* 790 F.2d 79, 81, 229 USPQ 712, 713 (Fed.Cir.1986); citation of irrelevant or inapplicable authority, *Laitram,* 919 F.2d at 1583, 16 USPQ2d at 1933; distorting cited authority by omitting language from quotations, *Porter v. Farmers Supply Serv., Inc.,* 790 F.2d 882, 887, 229 USPQ 814, 817 (Fed.Cir.1986); making irrelevant and illogical arguments, *Romala,* 927 F.2d at 1222; misrepresenting facts or law to the court, *id.* at 1223; *Laitram,* 919 F.2d at 1583, 16 USPQ2d at 1933.

by the Court of Appeals for the Federal Circuit as not being clearly erroneous," *id.* at 27. These assertions are false. As we discussed above, we quite clearly "disturbed" the findings State attempts to rely upon—we *vacated* the judgment based on them and ordered the court to reconsider its findings. Nothing in our opinion could be taken to imply that the findings were "affirmed" as "not being clearly erroneous"—on the contrary, we labeled the findings "inconsistent" and "conflicting," and therefore remanded the case for new findings. 883 F.2d at 1581–82, 12 USPQ2d at 1032. We view this sort of misrepresentation of our prior ruling as a very serious matter. Even standing alone, it could be grounds for sanctions.[5]

State's misconduct is compounded when it attempts to twist the law of the case doctrine to support its position. State argues that the district court's two prior findings that *supported* an inference of willfulness "are now the law of the case and must be given full faith and credit" on appeal. Brief for Appellant at 25. But it completely *ignores* the fact that the district court also found that Mor–Flo had relied in good faith on the advice of counsel, a finding which negates willfulness. State thus ignores the obvious fact that even were it correct (though of course it is not) in arguing that law of the case requires deference to the prior findings State would like to rely on, the doctrine would also apply to the earlier finding contrary to its position. This sort of argument, based on half-truths and illogical deductions from misused legal authority, is sanctionable.[6]

Because of State's misrepresentation of the record and controlling law, and its pat-

ently illogical and irrelevant arguments, we adjudge its appeal to be not only frivolous as filed but also frivolous as argued.

## III

In its brief, Mor–Flo challenged State's appeal, and we thus expected State either to respond to the charge of frivolity or to withdraw its appeal.[7] It did neither. Instead, it proceeded to file a reply brief which simply ignored the allegation of frivolity and compounded the misconduct with more frivolous assertions. Invited at oral argument to justify its actions, State was unable to do so. State's blatant disregard of Mor–Flo's allegation and the Practice Note to Rule 38 strengthen our conviction that its conduct warrants sanctions. *See Finch,* 926 F.2d at 1582, 17 USPQ2d at 1921.

In imposing sanctions for *this* appeal, we do not mean to imply that State's conduct throughout the lengthy prior course of this litigation, from the filing of suit in 1984 through the district court's 1990 decision on remand, was anything less than proper. Indeed, State prevailed in the liability trial, won a sizable award in the damages trial, and substantially prevailed on two prior appeals to this court. But the prior course of litigation is not before us at this time, and lack of prior misconduct is no excuse for misconduct here. We consider only the propriety of the instant appeal, and it must be concluded that in choosing to appeal a discretionary decision of the district court for which no arguable basis for reversal could be shown and in making deceptive, distorted, illogical and irrelevant arguments in support of the appeal, State has

---

**5.** *See Romala,* 927 F.2d at 1224 (imposing sanctions where some "arguments are based on misrepresentations and distortions of its opponent's arguments and the Claims Court's opinion"). *See also Thomas v. Digital Equip. Corp.,* 880 F.2d 1486, 1490–91 (1st Cir.1989); *Fox Valley AMC/Jeep, Inc. v. AM Credit Corp.,* 836 F.2d 366, 368 (7th Cir.1988); *Optyl,* 760 F.2d at 1052.

**6.** *See Romala,* 927 F.2d at 1222 (sanctioning "irrelevant and illogical arguments"). *See also Mathis v. Spears,* 857 F.2d 749, 761, 8 USPQ2d

1551, 1561 (Fed.Cir.1988) (sanctioning "implausible and unsupportable legal arguments").

**7.** Our Rules (which are distributed to members of the bar upon their admission to practice before this court and to counsel for both parties whenever an appeal is filed) contain a Practice Note to Rule 38, stating: "A party whose [appeal] has been challenged as frivolous *is expected to respond* to the challenge in the reply brief *or to voluntarily request dismissal* of the case." (emphasis added).

overreached.[8]  Nor is intent a requirement for imposition of Rule 38 sanctions: The standard for Rule 38 is objective, not subjective, and "has nothing to do with the mental state of the person sanctioned." *Romala*, 927 F.2d at 1226 (quoting *In re Perry*, 918 F.2d 931, 934 (Fed.Cir.1990)).[9] Indeed, even presuming (as we do) good faith on the part of State, its objectively frivolous appeal nevertheless merits sanctions: "Where a party blindly disregards long established authority and raises arguments with no factual foundation ... the judicial process has not been used, but abused, and sanctions under Rule 38 are warranted." *Octocom Sys., Inc. v. Houston Computer Servs., Inc.*, 918 F.2d 937, 943, 16 USPQ2d 1783, 1788 (Fed.Cir.1990) (per Nies, C.J.) (citations omitted).

**IV**

Having adjudged the appeal frivolous, we must determine the appropriate sanction.  In addition to double or single costs, Rule 38 authorizes us to award "just damages" to the appellee, language we have interpreted as covering attorney fees. *See, e.g., Sun-Tek Indus. v. Kennedy Sky-Lites, Inc.*, 865 F.2d 1254, 1255, 9 USPQ2d 1574, 1575 (Fed.Cir.1989).[10]

■ But the amount of a damage award is within the discretion of an appellate court,[11] and it is also possible to award a fixed amount reflecting an appropriate penalty rather than a precise sum based upon proof of the appellee's actual attorney fees.[12]  We deem such an award to be

---

**8.** As another court has observed, an "[o]utside-chance opportunity for a megabucks prize must cost to play." *Commonwealth Elec. Co. v. Woods Hole, Martha's Vineyard & Nantucket Steamship Auth.*, 754 F.2d 46, 49 (1st Cir.1985).

**9.** That Rule 38 does not require any showing of bad faith is widely accepted among our sister circuits as well. *See, e.g., Sun Ship, Inc. v. Matson Navigation Co.*, 785 F.2d 59, 64 (3d Cir. 1986) ("Rule 38 focuses on the merits of the appeal regardless of good or bad faith."); *Coghlan*, 852 F.2d at 808 ("[I]ll purpose is in no way a necessary element for imposition of sanctions under rule 38."); *Hill v. Norfolk & Western Ry.*, 814 F.2d 1192, 1202 (7th Cir.1987) (per Posner, J.) ("[W]e emphasize that we are not accusing Hill's counsel of morally blameworthy conduct. We find merely that he made (we assume in perfect good faith) objectively groundless legal arguments for which a monetary sanction is proper in order to protect this court's ability to serve litigants with meritorious cases and in order to make lawyers give thoughtful consideration to whether there are grounds for an appeal before filing an appeal."); *Asbury v. Brougham*, 866 F.2d 1276, 1283 (10th Cir.1989) ("Subjective bad faith is not a prerequisite to an award of damages and double costs."). That intent is not a requirement for imposing sanctions has also been recognized with respect to sanctions under 28 U.S.C. § 1927. *See Westinghouse Elec. Corp. v. NLRB*, 809 F.2d 419, 425 (7th Cir.1987) ("The penalty for a violation should smart. Even if only negligence was at work, counsel must learn to be alert."). *See also Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978) (the language of section 1927 "in no way implies that the plaintiff's subjective bad faith is a necessary prerequisite to a fee award against him").

**10.** All of our sister circuits have also awarded actual attorney fees based on Rule 38. *See, e.g., Local Union No. 251 v. Narragansett Improvement Co.*, 503 F.2d 309, 313 (1st Cir.1974); *Bankers Trust Co. v. Publicker Indus.*, 641 F.2d 1361, 1368 (2d Cir.1981) (capping fee award at $10,000); *Hilmon Co. v. Hyatt Int'l*, 899 F.2d 250, 254 (3d Cir.1990) (awarding over $23,000 in actual fees); *Eaton v. Board of Educ.*, 459 F.2d 684, 686 (4th Cir.1972); *Self v. Self*, 614 F.2d 1026, 1028 (5th Cir.1980); *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir.1987); *In re Central Ice Cream Co.*, 841 F.2d 732, 735 (7th Cir.1988); *American Family Life Assurance Co. v. Teasdale*, 733 F.2d 559, 571 (8th Cir.1984); *Libby, McNeill & Libby v. City Nat'l Bank*, 592 F.2d 504, 514–15 (9th Cir.1978); *Braley v. Campbell*, 832 F.2d 1504, 1513–14 (10th Cir.1987) (en banc); *Collins v. Amoco Prod. Co.*, 706 F.2d 1114, 1115 (11th Cir.1983); *Reliance*, 792 F.2d at 1138–39.

**11.** The Advisory Committee Note to Rule 38 states that "damages are awarded by the court in its discretion in the case of a frivolous appeal as a matter of justice to the appellee and as a penalty against the appellant."

**12.** This practice has been followed as well in most of our sister circuits. *See, e.g., Commonwealth*, 754 F.2d at 49 (imposing $10,000 against appellant and additional $5,000 against appellant's counsel); *Adamsons v. Wharton*, 771 F.2d 41, 43–44 (2d Cir.1985) ($3,000 plus double costs); *Crain v. Commissioner*, 737 F.2d 1417, 1418 (5th Cir.1984) ($2,000 against pro se appellant in favor of the government); *Schoffner v. Commissioner*, 812 F.2d 292, 294 (6th Cir.1987) ($1,200 against pro se appellant in favor of the government); *Coleman v. Commissioner*, 791 F.2d 68, 73 (7th Cir.1986) (imposing $1,500 plus

particularly appropriate here. Sanctions are awarded to compensate the victimized party for the burden of continued litigation in what long ago should have been a settled matter, as well as to discourage frivolous appeals which unnecessarily clog our docket. *Chemical Eng'g Corp. v. Marlo, Inc.*, 754 F.2d 331, 335, 222 USPQ 738, 741 (Fed.Cir.1984). It would be ironic indeed were an adjudication of frivolity to "impose on the opposing party and on the court an even greater burden in dealing with a frivolous appeal and entirely defeat the purpose of Rule 38." *Toepfer v. Department of Transp.*, 792 F.2d 1102, 1103 (Fed.Cir.1986) (citation omitted). We have no desire to involve the court and the parties in further proceedings over the amount of damages. Therefore, to spare Mor–Flo the trouble of proving its costs and attorney fees and to spare this court future litigation over the amount of such fees, we shall simply award a fixed sum.

Judges have experience in determining what are reasonable hours and reasonable fees for the work lawyers perform and may rely on that experience to set an award: "The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988) (quoting *Campbell v.*

*Green*, 112 F.2d 143, 144 (5th Cir.1940)). *See also Slimfold Mfg. Co. v. Kinkead Indus., Inc.*, 932 F.2d 1453, 1459, 18 USPQ2d 1842, 1847 (Fed.Cir.1991) (fee award by district court). Under the circumstances of this case, we have determined that the sum of five thousand dollars ($5,000) constitutes an appropriate sanction.

Since the decision to file this appeal was ultimately authorized by State itself, and since parties are in any event held liable for the acts or omissions of their counsel, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390–91, 8 L.Ed.2d 734 (1962), imposition of liability on State is clearly proper. *See Romala*, 927 F.2d at 1225. Moreover, particularly since our conclusion of frivolity rests not only on the filing of the appeal but also on the frivolous nature of the advocacy in support of it, we consider the attorney who wrote and signed the briefs to be equally responsible. *See id.* ("Where the frivolity in an appeal lies ... in the type of argument employed in support of it, it is appropriate to hold not only the appellant but also its attorney responsible for this conduct.").[13] We therefore hold State and its counsel jointly and severally liable for payment to Mor–Flo of the damages we assess.

### CONCLUSION

For the foregoing reasons, the judgment appealed from is affirmed. Because State

---

double costs against pro se appellant and noting that "[t]he decision to name a penalty rather than invite proof of the [appellee]'s actual attorneys' fees produces some imprecision, doubtless ... [but the appellants] could have avoided the penalty, and other people *should* avoid it, by the most minimal concern for settled rules"); *Standridge Flying Serv. v. Department of Transp.*, 712 F.2d 1223, 1225 (8th Cir.1983) (over $2,085 in costs and attorney fees); *Wood v. McEwen*, 644 F.2d 797, 802 (9th Cir.1981), *cert. denied*, 455 U.S. 942, 102 S.Ct. 1437, 71 L.Ed.2d 654 (1982) (ordering payment of $1,250 to each of four different appellees plus costs to a fifth appellee); *Casper v. Commissioner*, 805 F.2d 902, 906–07 (10th Cir.1986) (flat fee of $1,500 against pro se appellant); *Webb v. Commissioner*, 872 F.2d 380, 381–82 (11th Cir.1989) ($1,500 plus double costs against pro se appellant).

**13.** Although written as providing sanctions against frivolous appellants, this and most other

circuit courts have long held Rule 38 to also authorize sanctions against counsel personally. *See Toepfer*, 792 F.2d at 1103; *Ortiz Villafane v. Segarra*, 797 F.2d 1, 2 (1st Cir.1986) ("Our decision to assess the attorney personally is because he drew the complaint, he is responsible for determining what is in the record, and he wrote the brief."); *Browning Debenture Holders' Comm. v. DASA Corp.*, 605 F.2d 35, 41 (2d Cir.1978); *Hilmon*, 899 F.2d at 254 (collecting cases); *Coghlan*, 852 F.2d at 817–18; *TIF Instr. Inc. v. Colette*, 713 F.2d 197, 201 (6th Cir.1983) (Nies, J., sitting by designation); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 416 (9th Cir.), *cert. denied*, 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 555 (1985); *Braley*, 832 F.2d at 1511 (collecting cases); *Saltany v. Reagan*, 886 F.2d 438, 441 (D.C.Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 2172, 109 L.Ed.2d 501 (1990).

has shown no arguable basis in law or fact for reversal, and has argued its appeal with distortion and disregard of the record and the controlling law, we deem the appeal to have been frivolous as filed and frivolous as argued, and grant Mor–Flo's request for sanctions under Fed.R.App.P. 38. Therefore, Mor–Flo is awarded the sum of $5,000 as damages for defending this frivolous appeal, for the payment of which State and its counsel are jointly and severally liable.

AFFIRMED—SANCTIONS IMPOSED.