Miguel A. MUNOZ, Plaintiff–Appellant,

v.

STRAHM FARMS, INC., Fernando Flores, E. Schaffner Packaging Co., Schaffner Farms, Jimmy Castro, Samco Packing & Equipment, Inc. and Valley Harvesting & Packing, Inc., Defendants–Appellees.

Appeal No. 95–1036.

United States Court of Appeals, Federal Circuit.

Oct. 24, 1995.

Darren J. Quinn, Branscomb Decicco Kopelowitz & Quinn, San Diego, California, ar-

gued for plaintiff-appellant. With him on the brief was Jay S. Kopelowitz.

John Allcock, Gray Cary Ware & Freidenrich, San Diego, California, argued for defendants-appellees. With him on the brief was Rodney S. Edmonds.

Before ARCHER, Chief Judge, NIES, and LOURIE, Circuit Judges.

LOURIE, Circuit Judge.

Miguel A. Munoz appeals from the judgment of the United States District Court for the Southern District of California declaring U.S. Patent 4,616,468 invalid based on a jury verdict finding the patented invention anticipated. *Miguel A. Munoz v. Strahm Farms, Inc.*, No. 910864 S (M) (S.D.Cal. Sept. 6, 1994). Because the district court did not abuse its discretion in making evidentiary rulings, we affirm. Also, because Munoz's appeal is frivolous, we impose sanctions under Fed.R.App.P. 38.

## BACKGROUND

Munoz is the inventor named in the '468 patent, which includes claims for a crop harvesting machine. He sued Strahm Farms, Inc., Fernando Flores, E. Schaffner Packaging Co., Schaffner Farms, Jimmy Castro, Samco Packing & Equipment, Inc., and Valley Harvesting & Packing, Inc. (collectively "Strahm Farms") for infringement. Strahm Farms counterclaimed for a declaratory judgment of patent invalidity and unenforceability.

Munoz requested a jury trial and the trial was to be held in phases, with the issue of anticipation tried first. Before trial and in lieu of responding to requests for admission, Munoz stipulated that another harvesting machine, referred to as the Elmore/Sahara machine, would anticipate his invention under 35 U.S.C. § 102 if it had been in existence and publicly used more than one year prior to the June 7, 1984 filing date of the '468 patent. Therefore, the issue of anticipation in the first phase of the trial required the jury to determine whether the Elmore/Sahara machine was in public use before June 7, 1983, the critical date for purposes of 35 U.S.C. § 102(b).

Strahm Farms maintained that the Elmore/Sahara machine was publicly used before the critical date. In support of its position, Strahm Farms introduced several pieces of evidence, including the testimony of Keith Mayberry. Mayberry was a farm adviser with the University of California Agricultural Extension Unit in El Centro, California. Part of Mayberry's job was to assist farmers in improving their harvesting operations. In order to accomplish this, Mayberry often traveled to farms to observe and photograph harvesting operations. Mayberry had the film developed into slides, which he retained in his office and used for teaching purposes. Mayberry testified that he took slides depicting the Elmore/Sahara machine, and Strahm Farms introduced his testimony and these slides into evidence.

The Mayberry slides depicting the Elmore/Sahara machine included a cardboard frame with a date that predated the critical date of the '468 patent. Eastman Kodak Co. placed the date on the cardboard slide frame when it developed the film. However, no witness from Kodak testified to authenticate these dates. Over the objection of Munoz, the district court admitted into evidence Mayberry's testimony and slides with their dated frames.

Strahm Farms introduced additional evidence to support its anticipation defense. Four other witnesses, including other farmers, testified that the Elmore/Sahara machine existed and was publicly used before the critical date. In particular, John Veysey testified that he publicly used an anticipatory harvesting machine before the critical date. Veysey's own photographs and crop records, as well as the testimony and records of John Edgar, corroborated Veysey's testimony. John Fargo testified that he used Elmore/Sahara machines before the critical date, and Milas Russell testified that he built and operated machines of the same design as the Elmore/Sahara machine before the critical date. Finally, a *Western Grower and Shipper* magazine article described Veysey's machine and depicted it in public use before the critical date. In contrast, seven witnesses for Munoz testified that the Elmore/Sahara

machine was *not* in existence before the critical date of the '468 patent.

The jury returned a verdict that the patented invention was anticipated. Based on the jury's verdict, the district court entered judgment on Strahm Farms' counterclaim, declaring the '468 patent invalid. Munoz did not move for judgment as a matter of law (JMOL) at the close of evidence and he appeals directly from the entry of judgment. On appeal, Munoz challenges the district court's admission into evidence of the Mayberry testimony and dated slide frames and requests a new trial.

## DISCUSSION

### A. *Evidentiary Rulings*

■ We review evidentiary rulings under an abuse of discretion standard. *Kearns v. Chrysler Corp.*, 32 F.3d 1541, 1547, 31 USPQ2d 1746, 1750 (Fed.Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1392, 1393, 131 L.Ed.2d 244 (1995). In order for Munoz to obtain a new trial, he must show that the district court abused its discretion in admitting the challenged evidence and that such rulings prejudiced his substantial rights and were thus not harmless error. *See* 28 U.S.C. § 2111 (1988); *Kearns,* 32 F.3d at 1547, 31 USPQ2d at 1750; *DMI, Inc. v. Deere & Co.,* 802 F.2d 421, 428, 231 USPQ 276, 280–81 (Fed.Cir.1986).

Munoz argues that the district court's admission of the Mayberry testimony and dated slide frames may have unfairly "altered the jury's views." He posits that, had the district court excluded the Mayberry testimony and dated slide frames, the jury's verdict would have been different. In support, Munoz states that the date on the slide frames was hearsay and not admissible under the business records exception, Fed.R.Evid. 803(6), because the slides themselves were not business records and Mayberry was not a custodian or other qualified witness. According to Munoz, only a representative of Kodak, who developed the film which produced the slides and their dated frames, would have been qualified to testify regarding the dates in order to satisfy the requirements of the business records exception.

Strahm Farms argues that the dated slide frames were properly admitted under either the business records exception or the "catch-all" exception in Fed.R.Evid. 803(24). Strahm Farms states that Mayberry was a qualified witness, and the slides with their dated frames were business records since Mayberry kept them as part of his business activity with the University of California. Strahm Farms further argues that, in any event, at worst, it was harmless error for the district court to have admitted the Mayberry testimony and slide frames.

■ We agree with Strahm Farms. The business records exception allows admission of records of regularly conducted activity through the testimony of a custodian or other qualified witness. Fed.R.Evid. 803(6). Mayberry provided sufficient foundational testimony to satisfy the requirements of this exception. He testified that it was his regular practice to send film to Kodak for processing and to receive developed slides with dated frames in return. He further testified that it was his regular practice to check the dates on the slides when he received them from Kodak and then subsequently file the slides in his office.

■ Reliability is the basis for admitting evidence under the business records exception. *See Saks Int'l, Inc. v. M/V "Export Champion",* 817 F.2d 1011, 1013 (2d Cir. 1987). It was not unreasonable for the district court to conclude that Mayberry's testimony provided sufficient indicia of reliability. In addition to having a regular practice of sending film to Kodak for processing and checking the dates of the developed slides, he testified that he had several thousand slides and had never known Kodak to place an incorrect date on a slide. It is of no consequence that Mayberry himself did not develop the slides or place the dates on the slide frames, since a "custodian" under the business records exception need not be the person who created the records. *See United States v. Basey,* 613 F.2d 198, 201 n. 1 (9th Cir.1979) ("It is unimportant under Fed. R.Evid. 803(6) that the custodian did not herself record the information or know who recorded the information."), *cert. denied,* 446

U.S. 919, 100 S.Ct. 1854, 64 L.Ed.2d 274 (1980); *see also Saks Int'l,* 817 F.2d at 1013 (a regular practice of receiving information from another person obviates the need to identify that person). Therefore, we conclude that the district court did not abuse its discretion in admitting into evidence Mayberry's testimony and dated slide frames.

■ Even assuming that the district court erred in admitting the challenged evidence, such error would have been harmless. The correction of an error must yield a different result in order for that error to have been harmful and thus prejudice a substantial right of a party. *See Cable Elec. Prods., Inc. v. Genmark, Inc.,* 770 F.2d 1015, 1021, 226 USPQ 881, 884 (Fed.Cir.1985).

Mayberry's testimony and dated slide frames were merely cumulative of other evidence admitted at trial. Strahm Farms introduced nine other pieces of evidence that each independently supported a conclusion of anticipation. This evidence related to the same type of machine as depicted in the Mayberry slides. Removing Mayberry's testimony and slides from the admitted evidence would only have served to delete one portion of the abundant evidence of anticipation by the Elmore/Sahara machine. Accordingly, the Mayberry testimony and slides were not of such overwhelming importance on the issue of anticipation that their alleged improper admission would have prejudiced Munoz's substantial rights and constituted harmful error requiring a new trial.

B. *Frivolous Appeal*

Strahm Farms filed a motion for attorney fees and costs under Fed.R.App.P. 38 or 35 U.S.C. § 285. Strahm Farms argues that Munoz has in his brief completely ignored all of the other evidence that independently supports the verdict aside from the Mayberry testimony and slide frames. Munoz responds that he has not engaged in any of the types of sanctionable conduct listed in *State*

*Industries, Inc. v. Mor–Flo Industries, Inc.,* 948 F.2d 1573, 1579 n. 4, 20 USPQ2d 1738, 1743 n. 4 (Fed.Cir.1991).* He states that, furthermore, his appeal is not frivolous because he has provided an arguable basis for reversal by showing that the evidentiary rulings at issue prejudiced his substantial rights.

■ We have held that appeals may be frivolous as filed or as argued. *State Indus.,* 948 F.2d at 1578, 20 USPQ2d at 1742. An appeal is frivolous as filed if "no basis for reversal in law or fact can be or is even arguably shown." *Connell v. Sears, Roebuck & Co.,* 722 F.2d 1542, 1554, 220 USPQ 193, 203 (Fed.Cir.1983). An appeal that is frivolous as filed logically must also be frivolous as argued. *State Indus.,* 948 F.2d at 1579, 20 USPQ2d at 1743.

■ We conclude that Munoz's appeal is frivolous as filed. There is no basis in law or fact for reversal of the jury's verdict in light of the cumulative evidence that supports the verdict that the Elmore/Sahara machine anticipated the claims independently of the Mayberry evidence. Thus, Munoz has no arguable basis for showing that the district court's evidentiary rulings, even if in error, prejudiced his substantial rights. Strahm Farms presented several pieces of evidence relating to anticipation by the Elmore/Sahara machine. This cumulative evidence included not only the testimony of other witnesses, but also the self-authenticating *Western Grower and Shipper* magazine article that independently supported a verdict of anticipation and was not subject to any argument regarding its admissibility. Arguing for the removal of any of this evidence would only serve to reduce the amount of cumulative evidence, which in this case provides no basis for arguing that substantial rights were prejudiced. *Accord Glanzman v. Uniroyal, Inc.,* 892 F.2d 58, 61 (9th Cir.1989) (finding harmless error in view of overwhelming evidence

---

* These include: "seeking to relitigate issues already finally adjudicated; failing to explain how the trial court erred or to present clear or cogent arguments for reversal; rearguing frivolous positions for which sanctions had already been imposed in the trial forum; failing to cite authority and ignoring opponent's cited authority; citation of irrelevant or inapplicable authority; distorting cited authority by omitting language from quotations; making irrelevant and illogical arguments; misrepresenting facts or law to the court." *State Indus., Inc. v. Mor–Flo Indus., Inc.,* 948 F.2d 1573, 1579 n. 4, 20 USPQ2d 1738, 1743 n. 4 (Fed.Cir.1991) (citations omitted).

presented and imposing sanctions for a frivolous appeal).

The frivolousness of this appeal is made more apparent by the fact that this is a jury case, the jury trial having been requested by appellant. The high standard for reviewing verdicts involving fact questions makes any such appeal a very chancy proposition. There was plenty of evidence to support the jury's verdict. Appellant in his appeal brief simply ignored most of the evidence which was presented to the jury. As perhaps an indicator of his view concerning his likelihood of success, he did not even file a motion for judgment as a matter of law in the trial court.

Munoz's appeal is also frivolous as argued. He focused his argument on Mayberry's dated slide frames and only addressed the other overwhelming evidence of record in a few conclusory statements in his reply brief. One reading only Munoz's principal brief asserting that the admission of the Mayberry evidence was prejudicial would have no inkling that other evidence existed. Munoz asserts that had the district court excluded the Mayberry testimony and dated slide frames, the jury outcome would have been different. This argument disregards the harmless error standard and ignores the other evidence which independently supports the jury's verdict. Attacking only one piece of evidence among a wide variety of cumulative evidence presented in a jury trial does not provide a reasonable basis for reversal. The substantial evidence standard of review as defined by the Supreme Court requires consideration of contradictory evidence in the record and "evidence from which conflicting inferences could be drawn." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487–88, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951).

The court is mindful of the 1994 amendments to Fed.R.App.P. 38, which require either a separate motion for sanctions by an opponent or notice from the court that it is considering imposing sanctions, plus a reasonable opportunity to respond. We consider that both alternatives have been met, notice having been adequately provided by Strahm Farms' separately filed motion for sanctions and by the court's questioning of

counsel at oral argument concerning whether his appeal was frivolous.

## CONCLUSION

The district court's judgment is affirmed. Because Munoz's appeal is frivolous, we award Strahm Farms its attorney fees and costs for this appeal. Munoz and his counsel are jointly and severally liable for those fees and costs. Strahm Farms shall serve and file a bill of fees and costs within the time frame set forth in Fed.Cir.R. 47.7.

*AFFIRMED—SANCTIONS IMPOSED*