106 F.3d 422
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Patrick A. KEENAN, Daniel J. Henry, Jr., and KLH, a
Professional Corporation, Plaintiffs-Appellees,
v.
Robert W. KEARNS, Defendant-Appellant.
 No. 95-1481.
 United States Court of Appeals, Federal Circuit.
 March 28, 1996.
 
 APPEAL DISMISSED.
 Before MICHEL, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 MICHEL, Circuit Judge.
 
 ORDER
 
 1
 Patrick A. Keenan et al. move for attorney fees and costs as a sanction against Robert W. Kearns for bringing a frivolous appeal. Kearns has not responded and the deadline for a response has long since passed.[1] We also consider, sua sponte, whether to sanction Kearns in an amount payable to the court and whether Kearns's appeal must be dismissed for lack of subject matter jurisdiction.
 
 BACKGROUND
 
 2
 Although not himself a lawyer, Kearns is no stranger to litigation in this court. During the last several years, Kearns has filed 18 pro se appeals or cross appeals, including this one. In the primary appeal, Kearns v. Chrysler Corp., this court affirmed the district court's award of over $18 million to Kearns, although Kearns did not prevail on his cross appeal seeking more compensation and other relief. See Kearns v. Chrysler Corp., 32 F.3d 1541 (Fed.Cir.1994). In nearly all the other decided appeals, we dismissed for failure to file a brief, for failure to timely appeal, or for failure to comply with other procedural requirements. See Kearns v. Chrysler et al., appeal 95-1334 (June 28, 1995); Kearns v. UTC et al., appeal 94-1310 (Mar. 31, 1995); Kearns v. Wood Motors et al., appeal 94-1299 (Mar. 10, 1995); Kearns v. Keenan et al., appeal 95-1097 (Feb. 16, 1995); Kearns v. Toyota et al., appeals 94-1305, -1321 (Feb. 15, 1995) (affirming Sept. 15, 1994 dismissal of appeals 94-1305, -1321; dismissing appeals 94-1306, -1307, -1308, -1322); Kearns v. Chrysler, appeal 95-1016 (Feb. 15, 1995); Kearns v. Chrysler et al., appeals 94-1303,-1311 (Sept. 15, 1994); Kearns v. AWD et al., appeal 94-1313 (Sept. 15, 1994); Kearns v. Chrysler, appeal 92-1531 (Dec. 10, 1992). In one case, however, we affirmed. See Kearns v. GMC, appeal 93-1535 (July 26, 1994). And, in addition to the instant case, there is presently one other active appeal, Kearns v. GMC et al., appeal 94-1057.
 
 
 3
 The instant appeal stems from Keenan and his law firm's action in state court to recoup attorney fees from Kearns incurred in representing Kearns in patent infringement litigation against Chrysler Corporation.[2] The state court found in favor of Keenan. After the time for appealing passed, Kearns removed the case to the United States District Court for the Eastern District of Michigan. The district court remanded the case to state court, holding:
 
 
 4
 This case was filed, came to trial, and decided adversely to defendant in the Wayne County Circuit Court. After the time for appeal expired defendant removed the case to this court. The Court has no jurisdiction. Removal was improvident. Accordingly, this case is REMANDED to the Wayne County Circuit Court.
 
 
 5
 SO ORDERED.
 
 DISCUSSION
 
 6
 I. We address first whether Kearns's appeal must be dismissed. Pursuant to 28 U.S.C. § 1441, a defendant in any state court civil action may remove his or her case to district court. After removal, the district court either retains the case, or, if the district court determines that it lacks subject matter jurisdiction, it remands. 28 U.S.C. § 1447(c). Here, the district court remanded, holding that it lacked jurisdiction because the case was not removed until after the state court judgment had become final. In effect, the court held there was no case left to remove.
 
 
 7
 A. Kearns argues in his brief on the merits that remand was improper because Keenan did not challenge the removal within 30 days, noting that under § 1447(c) "[a] motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a)." (Emphasis added.) However, Kearns fails to note that § 1447(c) continues, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id. (emphasis added). Thus, a defect in "removal procedure" must be raised within 30 days of removal or is waived, but questions about whether the district court lacks subject matter jurisdiction may be raised by a plaintiff at any time; and, whenever they become apparent to the district court, they must be considered and determined by the court, sua sponte. See, e.g., State v. Ivory, 906 F.2d 999, 1000 n. 1 (4th Cir.1990). The jurisdiction vel non of a court is, in any event, not subject to waiver. Thus, Kearns's untimeliness argument is utterly without merit. It is contradicted by the plain language of the very statute he himself cites. After the district court determined that it lacked jurisdiction, it was not merely authorized, but mandated by the statute ("shall") to remand for lack of jurisdiction.
 
 
 8
 B. In any event, by statute a district court's remand order is not appealable. With one exception, not relevant here, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal...." 28 U.S.C. § 1447(d). See also Things Remembered, Inc. v. Petrarca, 116 S.Ct. 494, 496-97 (1995); Anusbigian v. Trugreen/Chemlawn, Inc., 72 F.3d 1253, 1254 (6th Cir.1996). Therefore, this appeal must be dismissed because we lack subject matter jurisdiction.
 
 
 9
 II. We next turn to Keenan's motion for sanctions. Fed.R.App.P. 38 authorizes an appellate court to award single or double costs and attorney fees to the appellee if the court determines that an appeal is frivolous. See, e.g., State Indus., Inc. v. Mor-Flo Indus., Inc., 948 F.2d 1573, 1581 (Fed.Cir.1991); Sun-Tek Indus. v. Kennedy Sky-Lites, Inc., 865 F.2d 1254, 1255 (Fed.Cir.1989). An appeal may be frivolous either "as filed" or "as argued," or both. Munoz v. Strahm Farms, Inc., 69 F.3d 501, 504 (Fed.Cir.1995). An appeal is frivolous as filed when " 'no basis for reversal in law or fact can be or is even arguably shown.' " Id. (citation omitted). An appeal is frivolous as argued when "genuinely appealable issues may exist, [but] the appellant's contentions in prosecuting the appeal are frivolous." Finch v. Hughes Aircraft Co., 926 F.2d 1574, 1579 (Fed.Cir.1991).
 
 
 10
 A. The crux of Keenan's argument is that Kearns had no basis for removing Keenan's attorney fees action because that case had been finally adjudicated in the state court. This court may not review the propriety either of the removal or of the remand order. We note that 28 U.S.C. § 1447(d) expressly provides that a remand order is not reviewable on appeal. This appeal is thus frivolous because there is absolutely no legal basis for Kearns to appeal the remand order. Rather, an appeal is statutorily barred. See 28 U.S.C. § 1447(d).
 
 
 11
 Kearns's appeal is frivolous as filed because the statute expressly bars appeal from remand orders and thus " 'no basis for reversal in law ... can be ... even arguably shown.' " Constant v. United States, 929 F.2d 654, 658 (Fed.Cir.), cert. denied, 501 U.S. 1206 (1991) (citation omitted). Keenan and his law firm, therefore, have been put to expense and trouble needlessly. Under Rule 38, they are consequently entitled to compensation.
 
 
 12
 The appeal, lacking any arguable legal basis, must also be deemed frivolous as argued. See Finch, 926 F.2d at 1580. Where no basis for appeal can exist, arguments by appellant are necessarily frivolous.
 
 
 13
 In addition, Kearns avers in his brief--which contains 17 pages of facts and discussion--that "[t]his appeal is reviewable under 28 U.S.C. §§ 1443(1), 1447(d), Civil Rights Acts of 1866 and 1964; through the non operation of Const. Amend. VII (a jury demand was made in Kearns' Answer)." This shotgun assertion of supposed bases of jurisdiction is preposterous. The body of the brief also contains many superfluous facts, citations to inapplicable law, and irrelevant and implausible arguments, such as that the district court had jurisdiction over the state court case on diversity of citizenship grounds.
 
 
 14
 Indeed, Kearns himself conceded that a question of our jurisdiction existed, for he lists it among his 14 "ISSUES." In support of his contention that this court does have jurisdiction, Kearns himself quotes the pertinent part of the removal statute. It provides:
 
 
 15
 § 1447. Procedure after removal generally
 
 
 16
 (d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.
 
 
 17
 (Emphasis added.) Kearns thus quotes the very statutory language that bars his appeal, but then suggests, implausibly, that his appeal comes under the "exception" relating to § 1443. Section 1443, however, refers solely to civil rights cases, and is, therefore, inapplicable to this fee matter stemming from a patent case. Kearns clearly distorts the facts and the law in suggesting that this case involves civil rights law issues. Moreover, although Kearns accurately quotes § 1447(d), he ignores the obvious applicability of the language of the first clause, underlined above, by arguing that his case comes within § 1443, mentioned only in the second clause. Thus, the appeal is frivolous as argued because Kearns has made irrelevant and implausible arguments, has cited inapplicable law, and has misrepresented the facts and the law. See Romula Corp. v. United States, 927 F.2d 1219, 1222 (Fed.Cir.1991). The very frivolity of Kearns's contentions on appeal compounds appellee's waste of time in defending this appeal that should never have been filed in the first place. The shotgun assertions of jurisdiction each required a response.
 
 
 18
 Because Kearns's appeal is frivolous both as filed and as argued, we conclude that Keenan is entitled to an award of attorney fees and costs.
 
 
 19
 B. Keenan requests $2,500 in attorney fees. Counsel for Keenan states that "[t]he undersigned's normal hourly rate is One Hundred Twenty Five ($125.00) per hour and has [sic] counsel has incurred twenty (20) hours to date in responding to this frivolous Appeal and would request Two Thousand Five Hundred ($2,500.00) Dollars in actual attorney fees from Appellant Kearns." Counsel has filed a response brief in this appeal. It consists of six pages of discussion and cites five cases. Moreover, his motion for sanctions itself contains only three pages of discussion. Counsel, however, does not include any accounting of the particular tasks in each of the 20 hours he spent in preparing his brief, the motion, or otherwise defending against Kearns's appeal. We, therefore, cannot assess whether the 20 hours were reasonably necessary.
 
 
 20
 While we agree that Keenan is entitled to some award of attorney fees and costs for defending against this frivolous appeal, we have discretion "to award a fixed amount reflecting an appropriate penalty rather than a precise sum based upon proof of the appellee's actual attorney fees." Mor-Flo Indus., 948 F.2d at 1581. We concluded that rather than requiring an accounting that would only compound the waste of time of the court and of Keenan's counsel, we will set a lesser, appropriate figure. Thus, we award Keenan $1,000 in attorney fees and costs.
 
 
 21
 III. Because we have determined that Kearns's appeal is frivolous both as filed and as argued, we consider, sua sponte, whether Kearns should be further sanctioned in an amount payable to the court. Kearns has also wasted the court's time needlessly.
 
 
 22
 In considering this additional sanction against Kearns, we are mindful of the admonition that "sanctions should not be imposed so freely as to make parties with legitimately appealable issues hesitant to come before an appellate court." Finch, 926 F.2d at 1578. No such reluctance can be attributed to Kearns in view of his 17 prior appeals. Many were not diligently prosecuted. To be sure, some of Kearns's other appeals have included legitimately appealable issues. Nevertheless, there was utterly no basis in law or fact for this appeal. And, the contentions Kearns made here are frivolous. We, therefore, do not hesitate in imposing sanctions payable to the court because of Kearns's waste of the court's time in analyzing his contentions on appeal, and because of his misrepresentation of fact and law and refusal to acknowledge the obvious applicability of the first clause of § 1447(d) to this case. Needless appeals such as this one divert scarce judicial resources at a significant cost to the taxpayers and impede the fullest consideration of appeals that do have arguable merit. Finch, 926 F.2d at 1578.
 
 
 23
 Nor are such further sanctions precluded by the fact that Kearns appears pro se. Kearns has been both advocate and litigant in this court on numerous occasions. See Constant, 929 F.2d at 658 ("Given his long history of litigation and relitigation of the same issues, we can only conclude that [pro se appellant] 'by this time is certainly not without some practical experience with the law.' ") (citation omitted); Finch, 926 F.2d at 1582 ("While courts are particularly cautious about imposing sanctions on a pro se litigant, whose improper conduct may be attributed to ignorance of the law and proper procedures, this and other circuits have imposed sanctions in cases where even a non-lawyer should have been aware that his conduct was frivolous.") (citations omitted). Here, it was Kearns himself who raised the issue of whether the order below is appealable under § 1447. Moreover, the irrelevance of § 1443 made the first clause of § 1447(d) controlling, even to a layman's reading. And, Kearns has much experience in our court even though he is not a lawyer. We, therefore, further sanction Kearns by ordering him to pay $1,000 to the court in addition to the $1,000 he must pay Keenan.
 
 
 24
 Accordingly,
 
 IT IS ORDERED THAT:
 
 25
 (1) Keenan's motion for sanctions is granted. Keenan is awarded attorney fees and costs, set by us, in the amount of $1,000, payable to Keenan within 14 days.
 
 
 26
 (2) The court sua sponte sanctions Kearns in the amount of $1,000 for this frivolous appeal, payable to the court within 14 days.
 
 
 27
 (3) Appeal no. 95-1481 is dismissed for lack of jurisdiction.
 
 
 
 [1]
 Kearns submits a letter dated March 7, 1996 requesting that the appendix to this appeal be filed out of time. To the extent that the letter may be considered a motion to file the appendix out of time, that motion is moot
 
 
 [2]
 Additionally, Kearns initiated a separate district court action against Keenan for malpractice. The district court dismissed the case, determining that Kearns raised the same claims in a counterclaim in the state court action described above. The district court stated that the state court case "effectively disposed of the claims made by [Kearns] in this case. [Kearns] is entitled to his day in court. He had that day in the Wayne County Circuit Court action. [Kearns] has no right to come to a federal court to repair a loss in a state court." Kearns applied to this court. We dismissed the appeal because of Kearns's failure to file a brief. See Kearns v. Keenan et al., appeal 95-1097 (Feb. 16, 1995)