73 F.3d 379
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 DUZ-MOR, INC., Plaintiff-Appellant,
v.
HEIN-WERNER CORPORATION, Defendant-Appellee.
 No. 95-1148.
 United States Court of Appeals, Federal Circuit.
 Dec. 4, 1995.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
Jan. 24, 1996.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 DECISION
 RICH, Circuit Judge.
 
 
 1
 Duz-Mor, Inc. (Duz-Mor) appeals from the judgment of the U.S. District Court for the District of Kansas, entered 5 December 1994, Duz-Mor, Inc. v. Hein-Werner Corp., 34 USPQ2d 1054 (D.Kan.1994), holding that the Hein-Werner Corporation (Hein-Werner) was not infringing Duz-Mor's U.S. Patent No. 4,574,614 ('614 patent). The 2 December 1994 supporting memorandum opinion explains that there was no infringement either literally or under the doctrine of equivalents. We affirm.
 
 DISCUSSION
 
 2
 * Background
 
 
 3
 This case involves the '614 patent, as amended by two Reexamination Certificates, B1 4,574,614 (648th) and (1619th). The device claimed in the '614 patent is for repairing and straightening damaged vehicles. In particular, one secures a damaged car on a rack and then, by means of chains and other apparatus, exerts force to return the damaged portion (e.g., the frame) to its original shape.
 
 
 4
 Duz-Mor is a manufacturer of collision repair equipment in Des Moines, Iowa, and was founded by the inventor, Carl R. Field, listed on the patent in suit. Hein-Werner also manufactures collision repair equipment. Hein-Werner's accused racks are the Kansas Jack World Rack 2000, Kansas Jack World Rack 2001, Blackhawk Rack, Blackhawk System 4 (dual movable leg set model), and K4000 Rack. The parties have stipulated that, for purposes of the court's determination of infringement, the Kansas Jack World Rack 2001 is identical to the Kansas Jack World Rack 2000, and the K4000 Rack is deemed to be identical to the Blackhawk System 4.
 
 II
 Infringement Analysis
 
 5
 "An infringement analysis entails two steps. The first step is determining the meaning and scope of the patent claims asserted to be infringed. The second step is comparing the properly construed claims to the device accused of infringing." Markman v. Westview Instruments, Inc., 52 F.3d 967, 976, 34 USPQ2d 1321, 1326 (Fed.Cir.) (in banc) (citations omitted), cert. granted, 116 S.Ct. 40 (1995).
 
 A. The Meaning and Scope of the Claims
 
 6
 The first step requires construing the claims. "Because claim construction is a matter of law, the construction given the claims is reviewed de novo on appeal." Markman, 52 F.3d at 979, 34 USPQ2d at 1329.
 
 
 7
 The claims at issue are claims 10, 11, 20, 21-42, 45, and 46. Claims 10, 20, 30, 31, 41, 42, and 45 are independent claims. Claims 11, 21-29, and 46 depend from claim 10. Claims 32-40 depend from claim 20. In the instant case, we need only focus on one limitation of these claims. The pertinent limitation of claim 10 provides as follows:
 
 
 8
 Apparatus for repairing and straightening vehicles comprising:
 
 
 9
 * * *
 
 
 10
 * * *
 
 
 11
 lifting means adapted to be supported directly on top of a floor and operably connected to said vehicle supporting means for selectively raising or lowering said vehicle supporting means and said tower means while maintaining said vehicle supporting means level.
 
 
 12
 Independent claims 20, 30, 31, 41, and 42 contain identical language. The related limitation of independent claim 45 provides as follows:
 
 
 13
 means for moving said first arm and said second arm simultaneously for selectively raising or lowering said platform and said tower while maintaining said platform level.
 
 
 14
 To construe this means-plus-function language, we must decide what function these limitations require.
 
 
 15
 The required function is lifting the support platform in a "level" orientation. Independent claims 10, 20, 30, 31, 41, and 42 require a "lifting means ... for selectively raising or lowering ... while maintaining said vehicle supporting means level," and claim 45 requires a "means for ... selectively raising or lowering said platform ... while maintaining said platform level." We do not agree with Duz-Mor's assertion that the required function is satisfied as long as the support platform is level during some portion of the rack operation. To our minds, the term "while" means "as long as" or "during the time that" the device is operating, not "at some times" when operating.
 
 
 16
 During the prosecution of the application leading to the '614 patent, the inventor's attorney made the following argument in the Remarks section of his 29 May 1985 amendment:
 
 
 17
 All prior art frame straightening machines pivoted up or down so the vehicle needs to be drive[n] up, pushed up or winched up an incline to get it on such straightening machine. Vehicles have even been known to roll off of such machines in an uncontrollable fasion [sic] when so tilted. The problem has been a longstanding one. In certain models, the tilting feature is in the way of needed access under such vehicle.... The prior art tilted bed is unsafe, while the claimed combination including an all vertical lift is safe. (emphasis added).
 
 
 18
 Thus, to obtain his patent, the inventor told the United States Patent and Trademark Office that his invention was substantially different from the prior art because it does not allow unrestrained vehicles to roll.
 
 
 19
 We conclude, as did the district court, that the function required by the above limitations of the asserted '614 claims is selectively raising or lowering the vehicle supporting platform while maintaining that platform level.
 
 B. Literal Infringement
 
 20
 Literal infringement of a claim exists when every limitation recited in the claim is found in the accused device, i.e., when the properly construed claim reads on the accused device exactly. Johnson v. Ivac Corp., 885 F.2d 1574, 1580, 12 USPQ2d 1382, 1386 (Fed.Cir.1989) (citing cases). Whether the properly construed claims in issue read on the devices accused of infringing is a question of fact, which we review for clear error. Hilton Davis Chem. Co. v. Warner-Jenkinson Co., 62 F.3d 1512, 1520, 35 USPQ2d 1641, 1647 (Fed.Cir.1995) (in banc) ("Infringement, whether literal or under the doctrine of equivalents, is a question of fact.") (citing Winans v. Denmead, 56 U.S. (15 How.) 330, 338 (1853); SRI Int'l v. Matsushita Elec. Corp. of Am., 775 F.2d 1107, 1125, 227 USPQ 577, 589 (Fed.Cir.1985) (in banc)), petition for cert. filed, 64 U.S.L.W. 3349 (U.S. Nov. 6, 1995) (No. 95-728). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).
 
 
 21
 The district court concluded that "[n]one of the accused devices contains all of the limitations of the pertinent claims." Duz-Mor, 34 USPQ2d at 1060. In particular, the district court held that Duz-Mor had failed to prove that Hein-Werner's racks perform the identical level-raising-or-lowering function discussed above. Id. For a means-plus-function limitation to read on an accused device, i.e., for the device to literally infringe, that device must, inter alia, perform the identical function required by the limitation. Intellicall, Inc. v. Phonometrics, Inc., 952 F.2d 1384, 1388-89, 21 USPQ2d 1383, 1387 (Fed.Cir.1992). On the entire evidence, we are not left with a definite and firm conviction that the district court committed a mistake in finding that Hein-Werner's racks do not perform the identical level-raising-or-lowering function. Therefore, the district court's finding of no literal infringement is not clearly erroneous and is affirmed.
 
 
 22
 C. Infringement Under the Doctrine of Equivalents (DOE)
 
 
 23
 The district correctly decided there was no infringement of the '614 patent under the DOE. See Hilton Davis, 62 F.3d at 1522, 35 USPQ2d at 1648 ("The trial judge does not have discretion to choose whether to apply the doctrine of equivalents when the record shows no literal infringement."). "[I]nfringement under the doctrine of equivalents is an issue of fact. When infringement is tried to the court, ... an appellate court reviews the trial court's infringement finding for clear error." Id. at 1521, 35 USPQ2d at 1647.
 
 
 24
 Duz-Mor contends that the district court erred in finding no infringement under the DOE. As to the function-way-result test, Duz-Mor asserts that the "function" is to raise both ends of the rack to different working heights, independently of whether the rack is maintained level; the "way" is by using pivoting legs that are operated by hydraulic cylinders from one location by one operator; and the "result" is that the Hein-Werner racks can be conveniently and quickly raised or lowered from one working height to another. Hein-Werner contends that the district court properly found noninfringement under the DOE because Duz-Mor failed to satisfy each part of the function-way-result test.
 
 
 25
 The district court held that the accused racks perform "in a substantially different manner--i.e., they do not raise and lower level." Duz-Mor, 34 USPQ2d at 1061. For the reasons stated in our discussion above, we would have characterized the failure to raise or lower level as a failure of the accused racks to perform substantially the same function. We do, however, reach the same result: The failure of the accused racks to meet the level-raising-or-lowering limitation is a substantial difference between the claimed and accused products that prohibits application of the DOE. Thus, we find no clear error in the district court's finding that Hein-Werner's racks do not infringe the asserted claims under the DOE. Accordingly, we affirm this finding.
 
 III
 Sanctions
 
 26
 Finally, Hein-Werner requests sanctions under Federal Rule of Appellate Procedure 38 for what it characterizes as Duz-Mor's frivolous appeal and for Duz-Mor's advancement of frivolous arguments. Although we do not agree with Duz-Mor's position, we do not believe Duz-Mor's appeal was objectively frivolous as filed or as argued. See State Indus. v. Mor-Flo Indus., 948 F.2d 1573, 1577-81, 20 USPQ2d 1738, 1741-44 (Fed.Cir.1991). We therefore deny Hein-Werner's request for sanctions.
 
 IV
 Conclusion
 
 27
 For the reasons discussed above, we hold that Hein-Werner's racks do not infringe the asserted claims of the '614 patent, either literally or under the DOE. We have carefully considered Duz-Mor's and Hein-Werner's arguments beyond those specifically addressed above and find no reversible error in the district court's decision. Accordingly, we affirm.