**STRYKER CORPORATION and Osteonics Corporation, Plaintiffs,**

v.

**INTERMEDICS ORTHOPEDICS, INC. and Marli Medical Supplies, Inc., Defendants.**

No. CV 90–3006 (ADS).

United States District Court, E.D. New York.

April 26, 1997.

Morgan & Finnegan, New York City, for Plaintiffs; John A. Diaz, Robert E. Paulson, of counsel.

Bell, Seltzer, Park & Gibson, Charlotte, NC, for Defendants; Larry C. Jones, of counsel.

SPATT, District Judge:

In what appears to be the parties' final motion in this protracted patent infringement litigation, the plaintiffs, Stryker Corporation and Osteonics Corporation (collectively "Stryker" or the "plaintiffs") move for an award of post judgment attorneys' fees and costs pursuant to paragraph 13 of this Court's Amended Judgment providing for such an award and the provisions of 35 U.S.C. § 285. The defendants, Intermedics Orthopedics, Inc. and Marli Medical Supplies, Inc. (collectively "Intermedics" or the "defendants") respond that the plaintiffs are not entitled to an award of fees and costs under the applicable case law and, in the alternative, that even if they are entitled to such an award, the amount sought is excessive.

## I. Background

On July 11, 1995, the Court issued a decision finding that the defendants had literally and wilfully infringed claims 8, 10 and 12 of United States Patent No. 4,888,023 (the " '023 patent"). *See Stryker Corp. v. Intermedics Orthopedics, Inc.,* 891 F.Supp. 751 (E.D.N.Y.1995), *aff'd,* 96 F.3d 1409 (Fed.Cir. 1996). In September 1995, this Court entered its original judgment. On October 3, 1995, the Court filed an amended judgment which included a permanent injunction against the defendants continued infringement of the '023 patent and an award of damages in the amount of $72,750,703.54, comprised of compensatory lost profits and prejudgment interest in the sum of $45,555,-772, attorneys' fees and related expenses in the amount of $3,773,855.54, and an enhancement of $23,421,076 based on a finding of wilfulness.

The Federal Circuit affirmed the decisions of this Court in an opinion dated September 25, 1996. *See Stryker Corp. v. Intermedics Orthopedics, Inc.,* 96 F.3d 1409 (Fed.Cir. 1996). On December 6, 1996, a petition for rehearing and suggestion for rehearing en banc was denied. In mid December 1996, the defendants paid the judgment in the sum of $77,590,825.67, representing the amount of the award contained in the amended judgment plus additional post judgment interest. On December 30, 1996, the plaintiffs filed their second application for additional attor-

neys' fees and expenses for the period from September 1, 1995 through October 31, 1996.

The plaintiffs seek an award of $814,172.07 for attorneys' fees and disbursements. According to the moving papers:

> Throughout the period from September 1, 1995 through October 31, 1996, all Morgan/Finnega attorneys, law clerks and paralegals working this matter and on the appeal prepared time records, based on daily diary entries, on a monthly basis describing all work done and the hours expended on such work during the preceding month. These monthly time records were then compiled on a monthly basis into a composite monthly invoice forwarded to Stryker, each monthly invoice containing a combined detailed description of the work to be performed and the total amount charged for that work, determined by multiplying the then current hourly billing rate for the work of each attorney, law clerk or paralegal times the number of hours worked to arrive at a total dollar figure, i.e., the "lodestar" billing fee.... Each monthly invoice forwarded to Stryker also contained a detailed description of all related disbursements incurred and an identification of the particular matter to which each such disbursement was attributable.

Affidavit of Robert E. Paulson, December 30, 1996 ("Paulson Aff.") ¶ 6.

The moving papers break down the fees and costs into three categories. Initially, the plaintiffs seek $126,435 in attorneys' fees and $35,732.23 in disbursements, for a total of $162,167.23, for the post judgment accounting to "bring damages up to date and obtain entry of [a]mended [j]udgment." With respect to the "[p]reparation of Appellees' Brief and presenting oral argument to the Court of Appeals" Stryker seeks $570,690 in attorneys' fees and $46,997.55 in disbursements, for a total of $617,687.55. Finally, with regard to their response to the petition for rehearing and suggestion for rehearing en banc the plaintiffs request an additional $33,220 in fees and $1,097.29 in disbursements for a total sum of $34,317.29. *Id.* at 59. These amounts represent a total of 3,302 hours of attorney time and 546 hours of

paralegal time, at an average billing rate of $230 for partners (based on a range of $175 per hour to $275 per hour), $130 for associates (based on a range of $110 per hour to $150 per hour) and $80 for paralegals and law clerks.

## II. *Discussion*

■ In the Court's view, the plaintiffs' application for attorneys' fees and expenses separates into two categories: (1) the proceedings before the Federal Circuit; and (2) those incurred as a result of the post judgment accounting and calculation of damages applied in the Amended Judgment. "The court in exceptional circumstances may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Such fees may be awarded by the district court for proceedings at both the trial and appellate levels. *PPG Indus., Inc. v. Celanese Polymer Specialties Co.*, 840 F.2d 1565, 1569 (Fed.Cir.1988). In general, an exceptional appeal is one of a frivolous nature, *see Porter v. Farmers Supply Serv., Inc.* 790 F.2d 882, 887 (Fed.Cir.1986), or made in bad faith. *See State Indus., Inc. v. Mor–Flo Indus., Inc.*, 948 F.2d 1573, 1577 n. 1 (Fed.Cir.1991). As stated above, the Court has already awarded to the plaintiffs $3,773,855.54 in attorneys' fees and related expenses for litigation prior to September 1, 1995. *See Stryker Corp. v. Intermedics Orthopedics, Inc.*, 898 F.Supp. 116 (E.D.N.Y.1995).

Intermedics challenges Stryker's second application for attorneys' fees and expenses on several grounds. Initially, the Court addresses the defendants' argument that an award of the fees and expenses incurred in litigating this case on appeal is prohibited under the standard set forth in *Rohm & Haas Co. v. Crystal Chemical Co.*, 736 F.2d 688, 690 (Fed.Cir.), *cert. denied*, 469 U.S. 851, 105 S.Ct. 172, 83 L.Ed.2d 107 (1984).

In *Rohm & Haas*, the appellants sought attorneys' fees and expenses incurred on appeal. *Id.* at 689. After recognizing that "[n]either § 285, nor its legislative history distinguishes between awarding attorney fees in the district court and in the appellate court," the Federal Circuit concluded that:

[i]n section 285 we have an exception to the American rule [generally prohibiting an award of attorneys' fees,] and it was enacted to further a different policy, that of preventing injustice to a party involved in a patent suit. . . . We construe the language of § 285 as applicable to cases in which the appeal itself is exceptional, in furtherance of the latter policy.

*Id.* at 692; *see* Donald S. Chisum, Chisum on Patents § 20.03[4][c][iv] ("Section 285 authorizes awards of attorneys fees for appeals when the appeal itself is exceptional"). In reaching this conclusion, the Federal Circuit declined to determine whether an award of attorneys' fees would be appropriate based on the proceedings before the trial court, thereby recognizing that an award of fees in the district court would not necessarily entitle the moving party to such an award with respect to proceedings on appeal.

■ At least one district court has recognized that this rule appears to yield a somewhat counterintuitive result. *See Water Technologies Corp. v. Calco, Ltd.,* 714 F.Supp. 899 (N.D.Ill.1989). In a case such as this, a successful plaintiff, who demonstrates a wilful violation and proves itself entitled to attorneys' fees in the district court proceedings, may nevertheless be compelled to bear the expense of a related appeal unless it can make a separate showing that the appeal itself is exceptional. *Id.* at 909. Although this Court, like the *Water Technologies* court, has some reservations about the fairness of this rule, the language of *Rohm & Haas* is clear. Accordingly, absent a showing that the appeal in this case was itself exceptional, an award of attorneys' fees and disbursements for the legal services rendered on the appeal would be improper.

■ Applying this standard, the Court denies Stryker's application for attorneys' fees based on the defendants' appeal and petition for rehearing. Simply stated, there is nothing exceptional about the appellate proceedings before the Federal Circuit. The appeal itself involved only this Court's findings as to willful infringement and the award of damages. In addressing the issues raised, the Federal Circuit engaged in a careful analysis, ultimately affirming the decision of this Court. In doing so the circuit court determined that each party should bear its own costs. In the Court's view, the litigation before the circuit court was not frivolous, brought in bad faith, or exceptional in any other way. The appeal was one that certainly could be reasonably anticipated. Accordingly, under *Rohm & Haas,* the plaintiffs' motion for attorneys' fees and expenses in the total amount of $652,004.84 based on the services rendered with regard to the appeal and the petition for rehearing is denied.

In reaching this conclusion, the Court notes Stryker's attempt to distinguish *Rohm & Haas* on its facts. According to the plaintiffs, *Rohm & Haas* addressed only whether the "Court of Appeals itself had authority under § 285 to make an award of appellate attorney fees and the Court held that it did have such authority, provided the appeal itself was found to be exceptional." Pl. Rep. at 3. To the extent that *Water Technologies* held otherwise, Stryker maintains that the Illinois district court's decision was wrongly decided and not binding precedent. The Court disagrees.

The Federal Circuit's language in *Rohm & Haas* is plain. In order to obtain attorneys' fees for appellate litigation, the appeal itself must be exceptional. There is no language limiting this rule to fee applications made directly to the circuit court.

■ Alternatively, the plaintiffs argue that the defendants waived their right to object to an award of appellate attorneys' fees and expenses. Paragraph 13 of the Amended Judgment provides that in the event of an appeal:

plaintiffs shall have fifteen (15) days from entry of Final Judgment After Remand, if successful, in which to file claims for additional attorney fees and related expenses, including fees relating to the appeal and the aforesaid post-Judgment accounting, non-taxable expenses and costs under Fed. R.Civ.P. Rule 54(d) for the period after September 1, 1995.

According to Stryker, because the defendants failed to object to the provisions of this paragraph, they should be precluded from

objecting to the application for fees based on their appeal. Again the Court disagrees.

The Amended Judgment provides the plaintiffs with the opportunity to seek a second award of attorneys' fees, not a grant of those fees. At the time the Amended Judgment was entered, it was possible that the Intermedics appeal would have been determined to be an "exceptional" appeal under 35 U.S.C. § 285. In that event, the plaintiffs would have been entitled to an award of attorneys' fees and expenses with regard to opposing the appeal. Accordingly, any objection by the defendants to Paragraph 13 at the time the Amended Judgment was entered would have been premature. As a result, the failure to raise such an objection does not constitute a waiver of the arguments now being presented by the defendants.

Finally, the Court notes that the cases cited by the plaintiffs do not require a different result. In *Shatterproof Glass Corp. v. PPG Indus., Inc.*, 33 U.S.P.Q.2d 1063 (E.D.Mich.1994), the court awarded appeal based attorneys' fees. However, in so doing, the court did not refer to *Rohm & Haas*, nor did it explain why the fee award was appropriate. Accordingly, it is not possible to determine whether *Shatterproof Glass* relates to the issue presented to this Court. In *IVAC Corp. v. Terumo Corp.*, 18 U.S.P.Q.2d 1637 (S.D.Cal.1990), the court stated that the appeal proceedings were part of the "same pattern of conduct giving rise to this Court's conclusion that this was an exceptional case" thereby making an award of attorneys' fees appropriate. *Id.* at 1639. The Court makes no such finding here.

Having disallowed Stryker's claims with respect to the appeal related legal fees and expenses, the Court no addresses the application for fees and disbursements in the amount of $162,167.23 which were incurred in connection with the accounting following the original Judgment and in bringing the damages calculation up to date for the purpose of the Amended Judgment.

■ Intermedics attacks this portion of the fee application on several grounds. Initially, the defendants argue that a supplemental award of fees is unnecessary because it will not further the policies underlying section 285, namely to prevent injustice by discouraging infringement by anyone " 'thinking that all he would be required to pay if he lost a lawsuit would be a royalty.' " *Rohm & Haas*, 736 F.2d at 690–91, quoting, S.Rep. No. 1503, 79th Cong., 2d Sess. (1946). According to the defendants, they have already been sufficiently penalized by the damage and fee awards contained in the Amended Judgment so that any further award would be of no value.

This argument is unpersuasive. The fees and expenses incurred in the accounting and updating the damages calculation were an integral part of the litigation before this Court. The fact that they were not included in the Amended Judgment does not reflect an intention by this Court to arbitrarily preclude any potential fee award based on the policy underlying section 285.

■ In addition, the Court rejects the defendants' argument that the fees should be reduced because plaintiffs' counsel has charged twice as much as defendants' counsel for litigating this case since September 1, 1995. Even if the defendants are correct, it would not effect this determination. The critical issue in this fee application is the appropriate lodestar. Defense counsel is a firm based in North Carolina. The lodestar figure is, in part, dependent upon the prevailing rate within the Eastern District of New York. *See Luciano v. Olsten Corp.*, 109 F.3d 111 (2d Cir.1997). Accordingly, the Court declines to adopt this reasoning.

■ The Court does agree with the defendants however, that plaintiffs' counsel's billing is, in general, excessive. A prime example of such "lawyer excess" is that plaintiffs' attorneys apparently dispatched seven people to Washington, D.C. for the appeal. While the Court appreciates that the fees for the appeal have already been disallowed, this illustration is symptomatic of counsel's practices. With respect to the relatively routine accounting, the Court notes that there appears to be no fewer than five attorneys billing on this case and an undisclosed number of paralegals. In the Court's view, such a division of responsibility is wasteful and

cannot avoid creating a duplication of work. As a result, consistent with the Court's earlier decision with respect to the plaintiffs' attorneys' fees, the application is reduced by 25 percent. *See Stryker*, 898 F.Supp. at 127.

Further, the Court notes, that the rates charged are excessive. According to the moving papers, plaintiffs' attorneys billed at the following rates, John A. Diaz, $275 per hour, Robert Paulson, $240 per hour, Christopher A. Hughes, $230 per hour, A.G. Firestar $155 per hour, and Andrea L. Wayda, $125 per hour. In its prior opinion, the Court addressed the amount of attorneys' fees and stated that partners would be awarded no more that $200 per hour with the exception of John A. Diaz who would be awarded $250 per hour. *Stryker*, 898 F.Supp. at 125–26. Further, associates would be billed at a rate not to exceed $135 per hour and paralegals and law clerks at a rate not to exceed $50 per hour. *Id.* The Court adheres to these rates and reduces the fee award accordingly.

Unfortunately a close review of the time records submitted reveals that the billing for time spent on the appeal, which is noncompensable, has been combined with activities relating to the accounting and calculation of damages, which is compensable. Accordingly, the Court is unable to determine the exact number of hours spent on activities for which Stryker is entitled to an award of attorneys' fees. As a result, the Court directs that the plaintiffs submit a revised affidavit with accompanying time sheets reflecting the time spent only at the compensable tasks, and at the rates set forth above. *This affidavit is to be no more than two pages and no additional fee will be awarded for the work involved.* The parties are further directed to arrange a mutually convenient briefing schedule in the event that response or reply papers are necessary.

### III. *Conclusion*

Having reviewed the parties' submissions, and heard oral argument, and for the reasons set forth above, it is hereby

ORDERED, that the plaintiffs' application for counsel fees and expenses with regard to the appeal to the Federal Circuit is denied; it is further

ORDERED, that the plaintiffs' application for attorneys' fees pursuant to 35 U.S.C. § 285 based on events occurring from September 1, 1996 through October 31, 1996 is granted only in part as set forth above, and the plaintiff is directed to resubmit an affidavit and accompanying time sheets reflecting only that billing which the Court has deemed to be compensable and at the rates set forth by the Court; it is further

ORDERED, that the parties are directed to arrange a mutually convenient briefing schedule should one be necessary; and it is further

ORDERED, that these revised papers are to be filed for resolution on submission, as the Court finds that oral argument on this one remaining issue is unnecessary.

SO ORDERED.