**METRO DISPLAY ADVERTISING, INC., Plaintiff–Appellant,**

v.

**CITY OF VICTORVILLE, Terry Caldwell (individually and in his official capacity as Mayor of the City of Victorville), Felix Diaz (individually and in his official capacity as a Councilman for the City of Victorville), Guy Patterson (individually and in his official capacity as the Director of Public Works for the City of Victorville), and Michael Rothschild (individually and in his official capacity as a Councilman for the City of Victorville), Defendants–Appellees.**

No. 02–1452.

United States Court of Appeals, Federal Circuit.

DECIDED: Oct. 2, 2002.

Before MICHEL, CLEVENGER, and PROST, Circuit Judges.

*ORDER*

PROST, Circuit Judge.

City of Victorville et al. (Victorville) move (1) to dismiss Metro Display Adver-

tising's appeal for lack of jurisdiction, (2) for judicial notice of certain documents related to a previous appeal filed in the United States Court of Appeals for the Ninth Circuit, and (3) for sanctions against Metro Display and counsel for Metro Display. Metro Display has not responded.

In the United States District Court for the Central District of California, Metro Display sued Victorville for violations of constitutional rights and civil rights violations. Metro Display appealed the district court's August 20, 2001 judgment dismissing Metro Display's complaint for lack of standing and for failure to prosecute to the Ninth Circuit. The Ninth Circuit dismissed the appeal from the judgment for failure to prosecute. Meanwhile, Metro Display sought relief from the judgment in the district court pursuant to Fed.R.Civ.P. 60(b). The district court denied the Rule 60(b) motion, and Metro Display again appealed, this time seeking review in this court.

This court is a court of limited appellate jurisdiction. *See* 28 U.S.C. § 1295. It is clear, as Victorville argues, that we do not have jurisdiction over this appeal. We also note that the previous appeal in this matter was properly taken to the Ninth Circuit.

Metro Display has filed no response to Victorville's motions, including Victorville's motion for sanctions. Victorville seeks $13,720 in costs and fees. We have reviewed the unopposed motion for sanctions,[1] and we award Victorville $7,615 in costs and fees. The appeal, directed to this court, which is clearly without jurisdiction over the appeal, is frivolous as filed.[2]

---

1. We assume that Victorville intended to cite to Fed. R.App. P. 38, and not "Fed. R.App. P. 83," as the basis for its motion.

2. Although we determine that we are without jurisdiction over this appeal, that does not imply that we are without jurisdiction to award sanctions pursuant to Fed. R.App. P. 38. *See Willy v. Coastal Corp.,* 503 U.S. 131,

*See State Indus., Inc. v. Mor–Flo Indus., Inc.*, 948 F.2d 1573, 1578 (Fed.Cir.1991) (court may award fees for an appeal that is frivolous as filed or frivolous as argued). In this case, the awarded amount relates to the costs and fees incurred by Victorville in preparing and filing the motion to dismiss and is an appropriate amount as an award of "damages and ... costs to the appellee." Fed. R.App. P. 38. *See S. Bravo Systems, Inc. v. Containment Technologies Corp.*, 96 F.3d 1372, 1377 (Fed. Cir.1996) (appropriate award of damages may be the amount reasonably expended by the appellee); *State Indus. v. Mor–Flo Indus., Inc.*, 948 F.2d 1573, 1581–82 (Fed. Cir.1991) (court may, in its discretion, award amount of appellee's actual attorney fees or an amount reflecting an appropriate penalty). Further, we hold that Metro Display and its counsel are jointly and severally liable for payment of the damages assessed. *See S. Bravo*, 96 F.3d at 1377.

Accordingly,

IT IS ORDERED THAT:

(1) Victorville's motion to dismiss is granted.

(2) Victorville's motion for judicial notice is granted.

(3) Victorville's motion for sanctions is granted in part. Metro Display and its counsel are jointly and severally liable to Victorville for the sanctions award of $7,615.

112 S.Ct. 1076, 117 L.Ed.2d 280 (1992) (district court may impose sanctions, pursuant to Fed.R.Civ.P. 11, for abuse of judicial process, even though it is determined that district court had no subject matter jurisdiction).